## CRAYTON et al. v. PHILLIPS.
### (Nos. 911–4983.)

Commission of Appeals of Texas, Section B.
March 28, 1928.

**1. Limitation of actions ⬦182(3)—Trespass to try title ⬦35(2)—Generally, under general issue following plea of not guilty in trespass to try title, plaintiff may prove any fact authorizing recovery and defendant any defense thereto, except limitations.**

In general, under general issue following plea of not guilty in trespass to try title, plaintiff may prove any fact authorizing a recovery, and the defendant may prove any defense to the plaintiff's case, except limitations.

**2. Trespass to try title ⬦1—Essential nature of proceeding is to try title and recover possession.**

The essential nature of a trespass to try title proceeding is to try title and recover possession.

**3. Trespass to try title ⬦33—Liberal rule of pleading applies only to trying title and recovering possession, not as to additional relief.**

Liberal rule of pleading applies to action of trespass to try title within the limitations of such cause of action, that is, within the trying of title and recovery of possession, but beyond such cause of action the rule has no application.

**4. Trespass to try title ⬦33—Affirmative relief cannot be granted defendant in trespass to try title, unless specially pleaded.**

In action of trespass to try title, affirmative relief not within the proceedings to try title and to recover possession cannot be granted to defendant, unless specially pleaded.

**5. Evidence ⬦432, 461(4)—Parol evidence that grantees gave no consideration, and that parties intended smaller interests to pass than stated in deeds, held inadmissible.**

Parol evidence that the grantees gave no consideration, and that the grantor and grantees intended a smaller interest to pass than that stated in the deeds, *held* not admissible in action of trespass to try title, brought by the innocent purchaser at foreclosure sale held pursuant to mortgage given by grantees.

**6. Costs ⬦234—Refusal to tax costs against appellee on reforming judgment, appellee's recovery not being affected, held not error.**

Refusal to tax costs against appellee on court's reforming, though affirming, judgment for appellee as between appellants only, appellee's recovery not being affected in any way by the reformation, *held* not error.

**7. Partition ⬦12(3)—Partition of land of deceased husband's estate among widow and children held not required, where widow resided on land as her homestead (Const. art. 16, § 52).**

That trial court had not partitioned remaining land of deceased husband's estate among widow and children in rendering judgment against them for part thereof in action of trespass to try title *held* not error, since widow resided on land as her homestead, and, under such circumstances, such partition is expressly forbidden by Const. art. 16, § 52.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by E. B. Phillips in trespass to try title and for partition against Lizzie Crayton and others. The judgment of the trial court was reformed and affirmed by the Court of Civil Appeals (297 S. W. 888), and defendants bring error. Affirmed.

W. A. Morrison, of Cameron, for plaintiffs in error.

E. A. Wallace, of Cameron, and J. W. Garner and E. A. Camp, both of Rockdale, for defendant in error.

SPEER, J. The case is thus stated by Justice Blair of the Court of Civil Appeals:

"The suit is one in trespass to try title and for partition of certain lands and arose out of the following facts: After the marriage of Mack and Lizzie Crayton they acquired by separate purchases five contiguous tracts of land in Milam county, aggregating 368 acres. They had seven children, Felix, H. J., S. M., Jerry, and William Crayton, sons, and two daughters who are now Ada Bailey and Jennie Bradford. By a deed, dated October 10, 1890, Mack Crayton conveyed to his son, Felix, a designated 40 acres out of the 368 acres. By separate deeds, dated September 24, 1904, Mack and Lizzie Crayton conveyed to their sons, H. J. and S. M., each a designated 50 acres out of the 368 acres. The above deeds contained covenants of general warranty, but the one to S. M. Crayton provided that he should pay grantors during their lifetime an annual stipend of $35, and recited a lien upon the crops raised on the land to secure its payment. Mack Crayton died intestate in 1916, leaving his widow, Lizzie, and their seven children surviving him, and the widow continued to live on the portion of the land not theretofore deeded to the three sons, or on about 228 acres of the original 368 acres. In February, 1917, the son S. M. Crayton died intestate, leaving as survivors his widow, Octavia, and several children, and his widow continued to occupy the 50 acres deeded to him on September 24, 1904. By a general warranty deed, dated March 8, 1917, Lizzie, the widow of Mack Crayton, conveyed to her son William an undivided 50 acres out of the original 368 acres, the deed describing by metes and bounds the original five tracts. By general warranty deed, dated August 3, 1917, Lizzie, the widow of Mack Crayton, and her son, Jerry, conveyed to the sons, William and H. J. Crayton, an undivided 50 acres out of the 368 acres, the deed describing by metes and bounds the original five tracts. By a general warranty deed dated November 17, 1917, Lizzie, the widow of Mack Crayton, joined therein by all of her children, except S. M. Crayton, deceased, conveyed to her son Felix a designated 10 acres out of the 368 acres. William and H. J. Crayton mortgaged to W. W. Clarke the undivided 100 acres conveyed to them by the deeds dated March 8, 1917, and

August 3, 1917, which said undivided 100 acres was later sold to appellee under an order of the district court of Milam county in satisfaction of the mortgage debt. Appellee then brought this suit in trespass to try title and for partition against the widow, Lizzie Crayton, and her six living children above named, and against Octavia, the widow of the deceased son, S. M. Crayton, and her children. All of the defendants, except Felix Crayton, who made default, answered in the suit either in person or by attorney ad litem, and at the conclusion of the evidence the court instructed the jury to award to Octavia, widow of S. M. Crayton, and her children, the 50 acres deeded to S. M. Crayton on September 24, 1904, to award to H. J. Crayton the 50 acres deeded to him on September 24, 1904, to award to Felix Crayton the 50 acres deeded to him by the deeds dated October 10, 1890, and November 17, 1917, to award to appellee an undivided 100 acres out of the original five tracts aggregating 368 acres, after deducting therefrom the three tracts of 50 acres each specifically awarded as above stated, and to award to the widow, Lizzie Crayton, and her daughters, Ada Bailey and Jennie Bradford, the remainder of the land, and as between appellee and Lizzie Crayton, Ada Bailey, and Jennie Bradford, the remaining 218 acres was ordered partitioned so as to set apart to appellee a '100-acre undivided interest' therein."

. The Court of Civil Appeals made some slight reformation in the judgment, and affirmed it. 297 S. W. 888.

Lizzie Crayton, Ada Bailey, and Jennie Bradford sought and obtained a writ of error to the judgment of the Court of Civil Appeals, and they present assignments of error predicated upon the action of the trial court in striking out the testimony of Lizzie Crayton and William Crayton to the effect that the deeds of Lizzie Crayton to William, and to William and Henry Crayton, were without consideration, and were intended by both parties to convey only the inherited interests of the grantees therein.

The contention of plaintiffs in error in support of their assignments is based for the most part upon the recognized liberal rule of pleading under our statute in trespass to try title cases. This action being one of trespass to try title in which the defendants pleaded the general issue and not guilty, it is argued, under this liberal rule, that the evidence stricken out was properly admissible, and should have been considered to defeat the plaintiff's recovery.

[1-4] While the rule of pleading is liberal, nevertheless it has its limitations. Generally stated, under the general issue following a plea of not guilty in a trespass to try title case, the plaintiff may prove any fact authorizing a recovery, and the defendant may prove any defense to the plaintiff's case, except limitations. The essential nature of such a proceeding is to try the title and to recover the possession. This is the cause of action. And, to the limits of such cause of action the liberal rule of pleading applies,

but beyond this cause of action the statutory rule has no application. In other words, if, in addition to the cause of action to recover title and possession, there arises the necessity for affirmative relief, such as the cancellation of a deed or the like, there must be special pleading for this injection of a new and different cause of action from the statutory proceeding. ,

As early as Ayres v. Duprey, 27 Tex. 593, 86 Am. Dec. 657, it was held:

"In actions of trespass to try title, the defendant, it is true, is not required to put in any other plea than that of not guilty. The obvious meaning of this is, however, that it is unnecessary for him to file any other plea, to authorize him to make any defense applicable to this action; but unquestionably, if he wishes to assert an independent, equitable right, not involved in the issue as to title directly in controversy, he should present the facts by proper averments, and bring the necessary parties before the court to enable it to grant the relief to which he may be entitled."

In Moore v. Snowball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596, discussing a judgment in a trespass to try title case, interposed as a plea of res adjudicata. the Supreme Court says:

"This we understand to be the true doctrine, and the principle that all matters are concluded that might have been litigated has not been differently applied by the judgments of this court in cases cited by appellants. The statement has always been made with reference to some matter that was comprehended within the issues in the former action and not concerning causes of action distinct from those before asserted and adjudicated. If, as we have said, the matter now set up by plaintiffs constitutes a different cause of action from that which they formerly sought to maintain, they were not, under the authorities cited, bound to enforce it in their first action. Freeman on Judgments, 256. That it is such we think the decisions of this court leave no doubt. Nothing but evidence of title was admissible or could have been made admissible under the former issues without the introduction of a different cause of action (citing Ayres v. Duprey, 27 Tex. 604 [86 Am. Dec. 657] and other cases). The substance of these decisions applicable here is that a right of action to set aside such a deed as that defendants hold, not void, but merely voidable by direct attack and upon equitable terms, cannot be enforced under the pleadings in the action of trespass to try title. * * * A defendant when sued in trespass to try title may plead not guilty, thus making the issue of title, and may also plead specially such a right as that which plaintiffs here set up; but when he does so he, in substance, asserts in reconvention a different cause of action against the plaintiff from that which plaintiff asserts against him."

But the rule just discussed is a rule of pleading, and not one of evidence. If the deeds by Lizzie Crayton needed to be set aside as an impediment to her right to recover, and if an attack had been made in the pleadings, the rule of evidence would forbid

the destruction of the deed by parol evidence, except upon a showing of such equity as would cancel or reform the instrument. Such affirmative relief could be had for mutual mistake in a proper case, but such relief could not be had as against bona fide purchasers, in the absence of notice.

In Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825, a husband conveyed community property to his wife. Subsequently, and after divorce, the wife sued him, claiming the property as her separate estate. The defendant sought to avoid the deed by showing that in making the instrument the purpose was to "keep peace in the family," and that he did not intend thereby to convey it to her or to make it her separate property, but the intention was that it should remain the community property. The Supreme Court, holding against the husband's contention, said:

"There can, therefore, be no doubt that the deed before us upon its face unequivocally expresses the purpose of Kahn to convey to his wife in her separate right, and he cannot be permitted consistently with correct principles to show that he did not so intend. The evidence admitted does not come within the rule which sometimes permits the true consideration of an instrument to be shown to have been different from that recited. This principle, properly applied, admits the evidence where the consideration has been stated as a fact, but not where the recital is contractual in its nature. * * * The statement in the deed from Kahn to his wife is more than the mere statement of a fact. Under the decisions referred to, its legal effect is to show the character of the right to be created by his deed and is as much a contractual recital as any in the instrument, and belongs to that class of particular and contractual recitals which, in deeds, estop the parties from denying them. Another limitation upon the rule is that a grantee in a deed will not be permitted to defeat it as a conveyance by showing that there was no consideration, and the effort here is to defeat the deed as a conveyance of the property to Mrs. Kahn in her separate right, which would be to make it wholly inoperative, since the legal title was already in the community estate. Evidence that no consideration passed would doubtless be admissible where such fact would be of any importance upon the issues of a case, but it could not have the effect of defeating the operation of the deed."

[5] The deeds from plaintiff in error Lizzie Crayton conveyed respectively an undivided 50 acres of land in the five tracts of land mentioned in the statement of the case, and their legal effect thus to vest title in the grantees could not be destroyed or varied under any sort of pleadings upon the testimony stricken out.

[6] It is next complained that the Court of Civil Appeals erred in refusing to charge the costs of appeal against the defendant in error because of the order of that court reforming the judgment concerning the recovery by Octavia Crayton and her children of the 50 acres deeded to S. M. Crayton, deceased. Assuming that the order of the Court of Civil Appeals reforming the judgment was such as would entitle plaintiff in error Lizzie Crayton to her costs in respect to the recovery by Octavia and her children, it does not follow that such costs should be taxed against defendant in error, for the recovery was not by him, and the reformation in nowise affected any judgment recovered by him.

It is next complained that the Court of Civil Appeals erred in not reversing the judgment of the trial court because that court had not partitioned the land amongst the plaintiffs in error Lizzie Crayton, Ada Bailey, and Jennie Bradford. The Court of Civil Appeals did "reform the judgment so as to specifically decree a partion of their respective interests in the land awarded them (plaintiffs in error), and the trial court will instruct the commissioners appointed to make the partition, taking into consideration the homestead interest of Lizzie Crayton." But it is insisted that this is indefinite and insufficient, and amounts to no partition at all. But, whether the order is subject to the criticism or not, it is certain the assignment of error here can not be sustained.

The plaintiff's petition sought a partition between the plaintiff and the defendants as a whole. By defendants' first amended original answer all of the defendants pleaded:

"All these defendants come now and deny that the plaintiff has any right or interest in or to or the possession of any of said land, but, if it should be held or ascertained that they are mistaken in this, then they pray that, upon final trial, all of said property be partitioned and apportioned between the respective parties hereto as their right may appear, and for all relief and costs of suit that may be proper and appropriate in the premises to do them full justice."

The amended pleading further alleges:

"She further shows to the court that during her husband's lifetime their homestead was erected and maintained on the unsold portion of tract No. 1 described in the plaintiff's petition, and the unsold portion of tract No. 2 and upon which their dwelling house was then and is now erected and has been continuously occupied as a residence by herself and her former deceased husband for more than 30 continuous years, and is still her homestead, upon which she is now actually residing. * * * That at the death of her said husband she became entitled, and is now entitled, to a homestead exemption of 200 acres, which is not subject to partition, and that her homestead consists of the tract of land surrounding her said residence, and that she is entitled to have the same partitioned and apportioned to her in accordance with law, and she now designates her said homestead, which was in fact the homestead of herself and her said husband during his lifetime, the unsold portion of said first two tracts described in plaintiff's petition and for sufficient amount out of the tracts joined thereto to make her the said portion of 200 acres and for all re-

lief in relation thereto as may be mete and proper."

[7] It is thus apparent the answer of the defendants sets forth facts which negative their right to a partition of the property apportioned to them. Such right of partition is expressly forbidden by the Constitution, art. 16, § 52. But, if this were not the case, we would nevertheless not be justified in reversing the defendant in error's recovery or in taxing him with the costs of a reformation of the judgment in respect to a matter in which he asserts and has no interest whatever. It is no concern of his whether plaintiffs in error do or do not partition the land amongst themselves. He has never resisted such right.

All assignments of error should be overruled.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.