## HUDDLESTON et al. v. ALLEN et al.
### No. 2775.

Court of Civil Appeals of Texas. Beaumont.
July 12, 1935.

Rehearing Denied Sept. 25, 1935.

S. A. McCall, of Conroe, and John T. Buckley, of Longview, for appellants.

Vinson, Elkins, Sweeton & Weems, and Wm. N. Bonner, all of Houston, Morris, Clark & Darden and Crawford & Crawford, all of Conroe, Saner, Saner & Jack, of Dallas, and E. R. Campbell, Albert J. De Lange, and J. C. Wilhoit, all of Houston, for appellees.

WALKER, Justice.

This was a suit in trespass to try title by appellants J. B. Huddleston et al. against appellees A. R. Allen et al. to recover the title and possession of 6⅓ acres of land,

part of the Lemuel Smith survey in Montgomery county, described as follows: Beginning at the northwest corner of the 100-acre Morgan tract also a part of the Lemuel Smith, thence south 30 east with the west boundary line of the Morgan 236 varas corner; thence south 25 west 125 varas corner; thence north 52½ west 330 varas corner; thence north 60 east to the place of beginning, making its north boundary line an extension west of the Morgan north boundary line. The Morgan tract was a rectangle with its east and west lines 429 varas long and its north and south lines 1,316 varas long. The pleadings tendered the general issue, and judgment was entered in favor of appellees on an instructed verdict. Appellees claim the land in controversy under a deed dated March 18, 1917, executed by Mrs. Maggie Huddleston and her husband, J. B. Huddleston, to J. R. Eichlitz, wherein the land conveyed was described as follows: "The following described tract or parcel of land, lying and being situated in Montgomery County, Texas, and more particularly described as a tract of one hundred acres out of a survey originally granted to Lemuel Smith situated on the East side of the West San Jacinto River and immediately bordering the waters of Crystal Creek, and being the identical one hundred acres of land described in a deed from J. E. Armer and wife, S. F. Armer to J. B. Huddleston. dated September 22nd, 1908, and recorded in Vol. 55 page 95 and 96 of the Deed Records of Montgomery County, Texas, which said deed and the record thereof is hereby referred to and made a part hereof for the purpose of describing the property herein conveyed."

The verdict was instructed on the construction given by the trial court to this deed that it was not ambiguous and, as a matter of law, included the 6⅓ acres of land in controversy.

The land was held by the claimants under the following chain of title: On the 29th of March, 1887, James Morgan acquired the Morgan tract of 100 acres by deed dated March 29, 1877. By deed dated the 2d of May, 1891, Morgan, joined by his wife, conveyed this 100 acres of land to D. J. Dorris; this deed being in correction of one made on December 13, 1887. By deed dated November 16, 1888, O. L. Jones and G. A. Friend conveyed to D. J. Dorris, who at that time owned the Morgan 100 acres, the 6⅓ acres of land in contro-

versy. R. H. Lockwood and G. W. Key, having acquired the Dorris title to the two tracts of land, on the 16th of February, 1897, conveyed to O. L. Jones 6¾ acres off the east end of the Morgan 100 acres by the following description: Beginning at the north corner of the Morgan; thence south 429 varas (to the southeast corner of the Morgan); thence west 79 varas for corner (with the south boundary line of the Morgan); thence north 429 varas for corner (in the north boundary line of the Morgan); thence east (with the north boundary line of the Morgan) 79 varas to the place of beginning. By deed dated December 28, 1896, Key and Lockwood conveyed to L. M. Maddox the Morgan 100 acres of land and the 6⅓ acres conveyed by Jones and Friend to Dorris by deed dated November 16, 1888, referred to above, "Saving and excepting from this conveyance 6¾ acres of land, heretofore sold by us to O. L. Jones, said land sold by us to O. L. Jones being 6¾ acres out of the North East corner of said Lemuel Smith Survey and especial reference is hereto made to our deed to said Jones for a more specific description of said 6¾ acres of land hereto and hereby reserved and excepted from this conveyance." From these deeds it appears that Key and Lockwood, owning the Morgan 100 acres and the 6⅓ acres, having sold the 6¾ acres to O. L. Jones, owned in these two tracts of land together 99.58 acres of land which they conveyed to L. M. Maddox. On September 27, 1897, Maddox, joined by his wife, conveyed this 99.58 acres of land to J. H. Feezell. By deed dated February 10, 1900, Feezell, joined by his wife, conveyed the same land to J. E. Armer, who, on September 27, 1908, conveyed the same land to J. B. Huddleston. In 1910 J. B. Huddleston conveyed to his wife, Mrs. Maggie Huddleston, "all that certain tract or parcel of land in Montgomery County, Texas," describing it as it was described in the chain of title into him. Thereafter, on March 8, 1917, Mrs. Huddleston, joined by her husband, executed the deed which presents the point in issue.

It is the contention of appellants that the chain of transfers into Mrs. Huddleston vested her with title to the 6⅓ acres of land and the 93¼ acres of the Morgan; that, owning both these tracts of land, her deed, in which her husband joined, to Eichlitz conveyed to Eichlitz only the Morgan 93¼ acres of land, leaving in her the title to the 6⅓ acres of land. They contended,

first, as a matter of law, that this was the proper construction of the Eichlitz deed, but, if in error in that contention, then the Eichlitz deed was ambiguous and was subject to explanation and construction by parol testimony. In support of that theory, appellants offered parol testimony to the effect that at the time of the execution of the Eichlitz deed it was mutually understood by the parties thereto that the 6⅓ acres was not included in the general description given therein.

■ Certainly it cannot be said that, as a matter of law, the Eichlitz deed, by its terms, did not include the 6⅓ acres. We concur in the conclusion of the trial court that the deed into Eichlitz was not ambiguous; and, by its own recitations and by the affirmative reference to the deed from Armer and wife to Huddleston dated September 23, 1908, recorded in volume 55, pages 95 and 96, of the Deed Records of Montgomery County, made absolutely certain the land conveyed and that it included the 6⅓ acres. After the execution of the deed by Key and Lockwood to Jones, whereby Jones acquired title to the 6¾ acres of land, the remaining 99.58 acres of land were conveyed together as one tract in the entire chain of transfers. Appellants' case rests upon the construction of the chain of title that Armer conveyed to J. B. Huddleston, not only the Morgan tract, less the 6¾ acres, but also the 6⅓ acres. These two tracts together made approximately 100 acres of land. The Eichlitz deed purported to convey "the identical 100 acres of land described in a deed from J. E. Armer and wife, S. F. Armer, to J. B. Huddleston"; then that "identical 100 acres" necessarily included the land in controversy.

Appellants present their appeal upon propositions complaining of the refusal of the trial court to receive parol evidence in explanation of the "intent" of the parties to the Eichlitz deed, whereby they sought to show that the Eichlitz deed was executed and delivered with the mutual understanding that it did not include the 6⅓ acres of land; this notwithstanding Huddleston and wife abandoned the premises in 1917 and made no affirmative claim thereto until about seventeen years thereafter, when the land had become very valuable by reason of the discovery of oil.

■ Since the Eichlitz deed is not ambiguous, the intention of the parties thereto must be deduced from the language of the

deed itself. In 14 Tex. Jur. § 234, it is said: "Where the description is intelligible, it cannot be changed or varied by construction, although it is plain that it was not the description intended to be used, for the construction must be confined to the intention of the parties gathered from the deed."

In 14 Tex. Jur. § 251, it is said: "According to an elementary rule of evidence, it is not permissible to introduce extrinsic evidence either to vary or contradict the words which the grantor has used to indicate the land intended to be conveyed. It follows that parol evidence is not admissible * * * to show * * * that less land was intended to be conveyed than appears from the deed itself."

The quoted text has support in an unbroken line of Texas authorities. See Davis v. George, 104 Tex. 106, 134 S. W. 326; Texas Law Review, vol. 6, p. 458, where Davis v. George is cited, in support of the following proposition: "But the courts uniformly hold that the deed, until set aside or reformed, is the operative factor; that the party suffering from the mistake has no equitable title to the land intended to be reserved or conveyed, but a mere equity to have the deed reformed, which equity must be enforced, if at all, within the period of limitations fixed for suits for reformation."

This was not a suit to reform the Eichlitz deed, but was a simple action in trespass to try title to recover the 6⅓ acres of land on the theory that it was not conveyed by the terms of that deed. See, also, Browne v. Gorman (Tex. Civ. App.) 208 S. W. 385; Crayton v. Phillips (Tex. Civ. App.) 297 S. W. 888, affirmed by Supreme Court 4 S.W.(2d) 961; Morgan v. Mace (Tex. Civ. App.) 259 S. W. 1095; Gill v. Baird (Tex. Civ. App.) 32 S.W.(2d) 941, affirmed by Supreme Court Thompson v. Kay, 77 S.W.(2d) 201; Kelly v. Wilson (Tex. Civ. App.) 233 S. W. 141, 144; Woods v. Selby Oil & Gas Co. (Tex. Civ. App.) 2 S.W.(2d) 895, affirmed Supreme Court 12 S.W.(2d) 994; Buie v. Miller (Tex. Civ. App.) 216 S. W. 630; McDougal v. Conn (Tex. Civ. App.) 195 S. W. 627; Myers v. Maverick (Tex. Civ. App.) 27 S. W. 1083. We quote the following proposition from Davis v. Kirksey, 14 Tex. Civ. App. 380, 37 S. W. 994, 995: "There is no ambiguity on the face of the deed that could call for any explanation, and, if

the grantors were mistaken as to the quantity of the land conveyed, and had grounds for correcting the deed, a suit brought for that purpose would have been necessary; so there was no error in the action of the court in excluding evidence to show that the tracts of land contained a great excess over the estimated quantity, or that the intention of the grantors was to convey only 4,500 acres."

It follows that the judgment of the lower court should in all things be affirmed, and it is accordingly so ordered.