**AMERICAN NAT. INS. CO. v. SAVAGE et al.**

No. 10203.

Court of Civil Appeals of Texas. San Antonio.

Dec. 15, 1937.

Rehearing Denied Jan. 12, 1938.

Frank S. Anderson, of Galveston, Andrews, Kelley, Kurth & Campbell, of Houston, A. L. Dilworth, of San Antonio, and Mann & Mann, of Laredo, for appellant.

Perkins & Floyd, of Alice, for appellees.

MURRAY, Justice.

This is a trespass to try title suit instituted by the American National Insurance Company against Edward H. Savage and his sister, Edith Savage, and others who filed disclaimers and are not parties to this appeal, to recover title to the N. E. ¼ of the N. W. ¼ of survey 98, in McMullen county, Tex., containing 40 acres of land.

This case is in some respects a companion case to American National Insurance Company v. R. F. Bass et al., 111 S.W.2d 769, recently decided by this court. However, the issues presented by the two cases are quite different.

The trial was to a jury and from a judgment based upon findings favorable to the Savages the American National Insurance Company has prosecuted this appeal.

Neither side alleged possession of the land, and title by limitation is not here involved. The common source of title is F. A. Connable. The insurance company's title is as follows:

A deed of trust from F. A. Connable to Wm. Giles, as trustee for the benefit of P. Sweeney, dated August 1, 1911.

P. Sweeney's will, probated in California on August 26, 1915, in which his wife, Maria Sweeney, was appointed executrix and was also the residuary legatee.

Transfer of this deed of trust note and lien to J. J. Sweeney, dated June 6, 1916.

Trustee's deed from William Giles, as trustee, to J. J. Sweeney, as purchaser at trustee's sale, dated July 5, 1916.

Quitclaim deed from J. J. Sweeney to A. E. Connable, dated November 24, 1916.

Deed of trust from A. E. Connable to Frank Webb, trustee, for the benefit of appellant, American National Insurance Company.

Judgment foreclosing the lien created by the above deed of trust, dated November 12, 1919, and thereafter corrected on December 11, 1919.

Sheriff's deed made by virtue of a sale under an execution, issued on the above judgment to American National Insurance Company, dated May 4, 1920.

All of the above instruments dealt with a large body of land, which included the 40 acres involved in this suit.

The title of appellees, Edward H. Savage and his sister, Edith Savage, is as follows:

Contract of sale from F. A. Connable to Edward H. Savage to the land here involved, dated March 10, 1914.

Edith Savage furnished half of the money for this purchase and they were joint owners of the land though title was taken in Edward H. Savage.

Warranty deed from F. A. Connable to Edward H. Savage to same land, dated July 18, 1916.

It is clear from the above that F. A. Connable executed the deed of trust to William Giles for the benefit of P. Sweeney before he entered into the contract of sale with Edward H. Savage. It would also appear that whatever interest the Savages had acquired in this land was wiped out by the trustee's sale to J. J. Sweeney, July 5, 1916. J. J. Sweeney having thereafter conveyed his interest to A. E. Connable, and the insurance company having acquired A. E. Connable's interest, by the sheriff's deed of May 4, 1920, it would seem that the superior title to this 40 acres of land would be in appellant, unless the findings of the jury would be sufficient to overcome, in some way, appellant's record title.

By their answer to special issue No. 1, the jury found that it was not the intention of the parties to include the 40 acres here involved in the deed of trust from A. E. Connable to Frank Webb, trustee for the benefit of the American National Insurance Company. We find no evidence in the record to support this finding. The deed of trust is plain and unambiguous and clearly includes the 40 acres here claimed by the Savages. There is no evidence of any probative force whatever which would justify setting aside the plain and unambiguous terms of this deed of trust. The pleadings in this case do not raise the issue of reformation, nor

do appellees, by their pleadings, allege facts or pray for affirmative equitable relief. The trial court erred in giving effect to the finding of the jury by their answer to special issue No. 1. Soell v. Hadden, 85 Tex. 182, 19 S.W. 1087; Henry v. Phillips, 105 Tex. 459, 151 S.W. 533; Graham's Estate v. Stewart, Tex.Civ.App., 15 S.W.2d 72, error refused; Van Deventer v. Gulf Production Company, Tex.Civ.App., 41 S.W.2d 1029, error refused; Gill v. Peterson, 126 Tex. 216, 86 S.W.2d 629; Redden v. Pure Oil Company, Tex.Civ.App., 86 S.W.2d 874; Cleveland State Bank v. Gardner, Tex.Com.App., 286 S.W. 173; Huddleston v. Allen, Tex.Civ.App., 85 S.W.2d 1094; 6 Tex.Law Rev. 458, 17 Tex.Jur. 858–862, § 390.

The jury found, in response to special issue No. 2, that at the time of the quitclaim deed from J. J. Sweeney to A. E. Connable, A. E. Connable acquired said title as trustee for the use and benefit of F. A. Connable and for purchasers by, through, and under the said F. A. Connable. This involves the engrafting of a parol trust upon real estate, and must be done by proof which is clear, concise, and convincing. The proof here is not clear, concise, and convincing, but, on the other hand, there is no evidence of any probative force tending to show that a parol trust was intended.

The finding of the jury in answer to special issue No. 3 is immaterial. The jury found, in response to this issue, that appellant accepted from Henry E. Gouger certain money and notes in full satisfaction of all indebtedness due it by F. A. Connable and A. E. Connable. Prior to this transaction appellant had foreclosed its note and mortgage against A. E. Connable, and had a sheriff's deed to a great deal of the land, including the 40 acres claimed by the Savages. It conveyed most of this land to Gouger, in consideration of the money paid by him and the notes given by him, but the 40 acres here involved was not conveyed. At the time of the Gouger transaction the Connable indebtedness was in the form of an excess judgment. What the insurance company's intention was in dealing with Gouger could not divest it of title to the 40 acres claimed by the Savages, if it had acquired this 40 acres by virtue of the sheriff's deed.

By their answer to issue No. 5, the jury found it was not the intention of the American National Insurance Company to acquire title to the 40 acres in dispute, by the sheriff's deed dated May 4, 1920. This finding is not supported by any evidence of probative force and is governed by the same principle as issue No. 1, heretofore discussed by us.

By their answer to issue No. 5, the jury found that appellant, on or about November 14, 1924, authorized C. W. Nugent, its general counsel, to advise Franklin S. Edmonds, attorney for appellees, that the American National Insurance Company recognized the superiority of the title of appellees over that title then held by appellant. The record is clear that on that date C. W. Nugent did write such a letter, but there is no evidence that he had any authority from appellant to write the letter. An attorney at law is a special agent, and only has authority to do that which he is employed to do. In the absence of special authority, he cannot give away the real estate of his client. This issue was submitted on the theory of estoppel, but, in the absence of a showing that C. W. Nugent had authority to make this admission for his client, it would not work an estoppel of appellant to assert title to the land in question.

Our conclusion as to issue No. 5, renders issues Nos. 6 and 7 immaterial.

Appellees further contend that the foreclosure by trustee's sale under the power of sale contained in the deed of trust from F. A. Connable to William Giles, for the benefit of P. Sweeney, was invalid, because at the time of the sale P. Sweeney was dead, and while his will had been probated in California, no ancillary proceedings had been filed in Texas, and therefore his wife and executrix could not lawfully have the property sold by virtue of the power contained in the deed of trust.

While it is ordinarily true that the executrix of a will probated in another state cannot go into the courts of this state, without first taking out an ancillary administration in this state, she may call upon a trustee named in a deed of trust to sell the property held in trust, and such trustee may sell such property within this state without the necessity of such foreign independent executrix taking out an ancillary administration within this state. Peacock v. Cummings, 34 Tex.Civ.App. 431, 78 S.W. 1002.

Appellant having shown a superior title to the land in controversy, and appellees having failed to offer any evidence which would defeat this title, the trial court should have granted appellant's motion for an instructed verdict. It, therefore, becomes our duty to render that judgment which should have been rendered by the trial court.

Accordingly, the judgment will be reversed, and judgment here rendered that appellant recover title and possession of the 40 acres of land described in its petition.

Reversed and rendered.