**James GARRETT, Appellant,**

v.

**Robert J. GIBLIN and Provost*Umphrey Law Firm, L.L.P., Appellees.**

No. 09–95–353CV.

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 19, 1996.

Decided March 20, 1997.

---

Wayne H. Paris, Houston, for appellant.

Frank G. Jones, Michelle A. Blain, Fulbright & Jaworski, Houston, for appellees.

Before WALKER, C.J., and STOVER and HILL [1], JJ.

## OPINION

STOVER, Justice.

James Garrett appeals from a summary judgment that he take nothing in his claim against Robert J. Giblin and the Provost*Umphrey Law Firm, L.L.P., based upon alleged legal malpractice and violations of the Deceptive Trade Practices Act (DTPA). The suit is based upon allegations that Giblin failed to timely bring a case of medical malpractice following knee surgery that Dr. Mary Ann Shannon performed upon Garrett. He contends in a single point of error that the trial court erred in granting the appellees' motion for summary judgment because "there were material fact issues in dispute and appellees were not entitled to judgment as a matter of law relating to positions of breach of fiduciary duties, negligence, negligent misrepresentation, deceptive trade practices and quasi-estoppel." For reasons stated in this opinion, we affirm the summary judgment.

Dr. Mary Ann Shannon performed arthroscopic surgery on Garrett's knee in February 1991. During the surgery a piece of a clamp fell inside the knee when the clamp broke. After Dr. Shannon was not able to retrieve the broken piece through the small arthros-

copy incisions, an invasive surgical procedure—arthrotomy—on the knee in an attempt to remove the foreign body. Garrett underwent a subsequent knee surgery during which another doctor removed a piece of plastic from his knee.

Garrett signed a contract of employment with the Provost*Umphrey law firm to handle his claims arising from the incident. Giblin and Provost*Umphrey subsequently filed suit on behalf of Garrett against the hospital and others within the two-year statute of limitations, but not against Dr. Shannon. After two years from the date of the surgery had passed, Garrett employed other counsel and brought suit against her. Dr. Shannon sought summary judgment based upon the two-year statute of limitations, but her motion was ultimately denied. At the time of oral submission, this lawsuit was still pending.

Giblin and Provost*Umphrey sought summary judgment on the basis that Garrett had told them orally and in writing not to sue Dr. Shannon, and that he was estopped from subsequently changing his position with respect to that issue. In his affidavit attached to appellees' motion for summary judgment, Giblin stated that under the circumstances his conduct was within the standard of care and that his failure to sue Dr. Shannon did not amount to legal malpractice. Flo Kight, a legal assistant for the Provost*Umphrey law firm, testified by affidavit that Garrett had told her he did not want to sue Dr. Shannon.

Garrett responded by indicating he did not remember telling Giblin or Flo Kight that he did not want to sue Dr. Shannon. In his affidavit attached to his response to the motion for summary judgment, Garrett stated he was never told by Mr. Giblin or anyone else that there were "causes of action" against Dr. Shannon other than her use of the wrong clamp. He also stated he was never told she may have left a foreign body in his knee during the surgery. Had he been told that, Garrett avers he would not have signed a letter instructing Giblin not to sue

---

**1.** The Honorable John Hill, sitting by assignment pursuant to Tex.Gov't Code Ann. § 74.003(b) (Ver- non 1988).

Dr. Shannon. An attorney testified by affidavit that he was of the opinion the appellees failed to disclose to Garrett all of his available actions against Dr. Shannon, and that the standard of care required them to bring suit against Dr. Shannon for all available claims concerning which they had not advised Garrett.

Appellant's argument that Giblin failed to explain all available claims against Dr. Shannon is without merit. The only cause of action that appellant may have had against Dr. Shannon was a medical malpractice claim. Appellee's uncontroverted evidence attached to his motion for summary judgment clearly shows that Giblin fully informed Garrett that he had a malpractice claim against Dr. Shannon and that Provost*Umphrey was not going to pursue the claim, in accordance with Garrett's instructions.

In appellee's letter attached as an exhibit to their motion for summary judgment, Giblin explains to appellant that he (appellant) has a medical malpractice claim against Dr. Shannon and that the doctor used the wrong piece of equipment during the operation. Also in the letter, Giblin explains to Garrett that failure to sue Dr. Shannon could result in a reduction or elimination of any award he might receive. The letter states in part:

> We are preparing the original petition to be filed against Mid-Jefferson Hospital as a result of the aforementioned. It is my duty as your attorney to inform you that you have a potential medical malpractice action against Dr. Shannon for failure to identify the equipment provided and to utilize the appropriate clamp. However, it is my understanding that you do not wish me to sue Dr. Shannon and more or specifically, have instructed me not to include Dr. Mary Ann Shannon in the present medical malpractice case arising out of your February 8, 1991, surgery.
>
> I would ask that you sign the enclosed copy of this letter and return to me in the stamped envelope if you are instructing me *not* to sue Dr. Mary Ann Shannon in the above referenced lawsuit. You should be aware that the failure to include Dr. Mary Ann Shannon in the present action may

result in the reduction or elimination of any award on your behalf .... (emphasis in original)

This letter was signed by both Garrett and Giblin. Provost*Umphrey simply followed the certain and definite instructions of their client James Garrett. If appellees had sued Doctor Shannon in the face of Garrett's clear instruction to the contrary, they would have exposed themselves to the risk of a malpractice suit. "The attorney's negligence may consist ... in disobeying a clients' lawful instruction, [or] in taking an action when not instructed by the client to do so..." *Zidell v. Bird*, 692 S.W.2d 550, 553 (Tex.App.—Austin 1985, no writ); *see also American Nat'l Ins. Co. v. Savage*, 112 S.W.2d 240, 242 (Tex.Civ.App.—San Antonio 1937, writ dism'd) (An attorney at law is a special agent, and only has authority to do that which he is employed to do.).

Appellant claims there are facts in dispute regarding the extent of disclosure and a knowledge of all causes of action that preclude summary judgment. We do not agree. Giblin never disputes the extent of the disclosure. His disclosure was presented in his summary judgment evidence, i.e., the directive letter signed by appellant as well as other affidavits from Provost*Umphrey employees. As appellees point out in their motion for summary judgment, Garrett may argue that he lacked full knowledge because he did not know of all facts indicating that Dr. Shannon was negligent. However, knowledge is imputed to him because the facts he knew (i.e., an instrument broke, an unscheduled surgery was performed) were sufficient to put him on inquiry which would have led to the discovery of facts demonstrating Dr. Shannon's alleged negligence. *Rourke v. Garza*, 530 S.W.2d 794, 803 (Tex. 1975).

Provost*Umphrey informed Garrett that he had "a **potential medical malpractice claim** against Dr. Shannon...." (emphasis added). The fact that appellees did not specifically state that the malpractice claim might include a claim for failing to remove the broken piece of instrument from Garrett's knee is immaterial. We hold that the directive letter signed by both parties was

sufficient to put Garrett on notice that he had a medical malpractice claim against Dr. Shannon for all claims that Garrett may reasonably have asserted against Dr. Shannon.

Provost*Umphrey filed Garrett's lawsuit against the hospital and equipment sales company. During the discovery process, Dr. Shannon indicated she may have left a piece of plastic in Garrett's knee. Appellees could not have known this until after suit was filed and, therefore, did not conceal facts from Garrett at the onset of the lawsuit. A lawyer owes no duty to foretell the future. *See Dyer v. Shafer, Gilliland, Davis, McCollum & Ashley, Inc.,* 779 S.W.2d 474, 478 (Tex. App.—El Paso 1989, writ denied). Appellant presents no evidence in the record which shows that at the onset of the lawsuit appellees knew that Dr. Shannon left a foreign object in Garrett's knee and that they concealed that information from him. Nor does appellant even allege that appellees should have known or should have discovered that fact before Garrett signed the directive.

In regard to appellant's DTPA claims, the summary judgment evidence establishes the appellees did not represent their services were of a particular quality when they were of another; they did not represent that an agreement conferred or involved obligations that it did not have; they did not fail to disclose information concerning services that were known at the time of the transaction; and they did not engage in any unconscionable action or course of action with respect to their relationship with Garrett.

A defendant, moving for summary judgment on the plaintiff's cause of action, assumes the burden of showing, as a matter of law, that the plaintiff has no cause of action. *See Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). The defendant does not need to disprove all the elements of the plaintiff's cause of action, only one. *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 476–77 (Tex.1995). We hold the trial court did not err in granting the appellees' motion for summary judgment with respect to Garrett's claims under the Texas Deceptive Trade Practices Act, TEX.BUS & COM.CODE ANN. §§ 17.41–17.63 (Vernon 1987 & Vernon Supp.1996), because the summary

judgment evidence establishes as a matter of law that none of the allegations made by Garrett, if true, constitute violations of that Act. Additionally, appellees, by virtue of the directive letter, effectively negated all of Garrett's causes of action concerning breach of fiduciary duties, negligence, and negligent misrepresentation. Garrett failed to controvert the summary judgment evidence proffered by appellees.

For the reasons stated, we overrule Garrett's sole point of error. We, therefore, affirm the summary judgment.

AFFIRMED.