In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-027 CV


____________________



THOMAS LEE SMITH, SR., Appellant



V.



CATHIE MAE SMITH, Appellee






On Appeal from the 1-A District Court


Newton County, Texas


Trial Cause No. 4039-D






 OPINION


 This is an appeal from the trial court's division of property and award of post-divorce
maintenance following a non-jury trial on October 6, 2006. Thomas Smith, who did not file
an answer in response to the divorce, disputes that he was served with Cathie Smith's Second
Amended Petition for Divorce. Cathie responds that she served Thomas's authorized agent
with her Second Amended Petition and contends that she was entitled to serve the agent
because Thomas executed a waiver of service and subsequently retained counsel. Cathie
asserts that Thomas's signed waiver constituted an appearance, and that when Thomas
subsequently hired an attorney (the putative agent), the Texas Rules of Civil Procedure
allowed her to notify Thomas of her amended pleading by mailing it to his putative agent. 

 Thomas, on the other hand, asserts that his signature on the waiver of citation was
forged, that Cathie never mailed the Second Amended Petition to him, and that the attorney
to whom Cathie mailed the Second Amended Petition was not his authorized agent. In his
Motion for New Trial, Thomas asserted that the "granting of a new trial would not injure the
opposing party in this cause." Thomas requests that we reverse the trial court's judgment and
remand the proceedings for a new trial.

 We conclude that Thomas was not properly served with the Second Amended Petition
as required by the Rules of Civil Procedure. Because Thomas was not properly served and
since the trial court awarded greater relief than that available under the First Amended
Petition's allegations, the trial court's judgment must be reversed and the cause remanded
for a new trial. 

Background

 Cathie and Thomas Smith married in 1976. On June 12, 2006, Cathie filed her
Original Petition for Divorce. The record does not show that Cathie ever served the Original
Petition on Thomas or that, with respect to the Original Petition, he executed a waiver of
citation. 

 On June 26, 2006, Cathie filed her First Amended Petition, and on that same date,
Thomas appears to have executed a Waiver of Service as reflected by the waiver on file in
the court's records. The waiver recites that Thomas was provided a copy of the First
Amended Petition, that he waived issuance of service of citation, and that he entered his
"appearance in this case for all purposes."

 On September 19, 2006, Cathie filed her Second Amended Petition. The certificate
of service accompanying this petition stated that a "copy of the foregoing [had] been
forwarded to [an attorney and his address] in accordance with the Texas Rules of Civil
Procedure on September 13, 2006." The record further reflects that Cathie did not attempt
to perfect service of her Second Amended Petition on Thomas by means other than serving
Thomas's putative agent.

 Cathie's Second Amended Petition varies considerably from her First Amended
Petition. In her First Amended Petition Cathie sought a no-fault divorce. In her Second
Amended Petition Cathie alleged that Thomas was guilty of cruel treatment. Cathie's First
Amended Petition requested that the trial court make a just and fair division of the estate; 
Cathie's Second Amended Petition requested a disproportionate share of the estate on
nineteen specific grounds, none of which were alleged in the First Amended Petition. The
First Amended Petition was silent with respect to any claims for post-divorce maintenance;
the Second Amended Petition sought an award of post-divorce maintenance for a reasonable
period. In the First Amended Petition, Cathie made no claim for damages for assault or
intentional infliction of emotional distress; the Second Amended Petition asserts these
claims, and includes damage allegations for past and future medical expenses, lost earning
capacity, physical pain and mental anguish, disfigurement, and physical impairment. 
Cathie's First Amended Petition asserted no claim for attorneys' fees or punitive damages;
her Second Amended Petition sought both.

 The trial court, apparently without notifying Thomas, heard the case on October 6,
2006. (1) Thomas did not appear at trial. The trial court granted the divorce and found Thomas
guilty of adultery and cruel treatment. Among other property, the trial court awarded Cathie
the house but ordered Thomas to pay the remaining mortgage. The divorce decree also
awarded Cathie maintenance in the sum of $2,100.00 per month. The trial court, however,
did not find Thomas liable for assault or intentional infliction of emotional distress, and did
not award any punitive damages. Additionally, the trial court required the parties to pay their
own attorney fees. Thomas asserts that the trial court awarded Cathie substantially all of
their community property. Thus, while the trial court did not give Cathie relief on all of the
new claims first asserted in her Second Amended Petition, the relief the court awarded
exceeded that available to her under the allegations of her First Amended Petition. 

 Through counsel, Thomas filed his Motion for New Trial on October 25, 2006. At
the hearing on the motion, conducted on December 13, 2006, Thomas testified that he was
not aware that Cathie filed a Second Amended Petition. Thomas testified that in September
2006, he had a meeting with the putative agent. According to Thomas, he asked the attorney
to review the prospective divorce decree after it had been drafted by Cathie's attorney and
to advise him regarding the draft decree. Thomas did not mention whether he had
subsequently received any advice by the attorney on the proposed decree. The trial court
allowed opposing counsel, over objection, to examine Thomas concerning his conversations
with the attorney. When overruling Thomas's attorney's objection, the trial court stated
"He's not even claiming he has an attorney relationship with [the attorney]." The attorney
was not called as a witness at the hearing. 

Discussion 


 The Texas Family Code allows a party to waive the issuance of citation and the
service of process after suit is filed by filing a waiver that acknowledges receipt of a copy
of the filed petition. Tex. Fam. Code Ann. § 6.4035 (Vernon 2006). Upon a party's
appearance, the Texas Rules of Civil Procedure also require that copies of every pleading
filed be served on all other parties. Tex. R. Civ. P. 21. Because Cathie, via the waiver, (2)
agreed to treat Thomas as having appeared, Rule 21a of the Texas Rules of Civil Procedure
provides the means of serving amended pleadings. Rule 21a states that a pleading may be
served: 

 by delivering a copy to the party to be served, or the party's duly
authorized agent or attorney of record, as the case may be, either
in person or by agent or by courier receipted delivery or by
certified or registered mail, to the party's last known address, or
by telephonic document transfer to the recipient's current
telecopier number, or by such other manner as the court in its
discretion may direct. 

 

Tex. R. Civ. P. 21a.

 In this case the certificate of service attached to Cathie's Second Amended Petition
does not recite that it was mailed to Thomas; instead, the certificate indicates that the Second
Amended Petition was mailed to Thomas's putative agent. In his appeal, Thomas contests
that he authorized the attorney to receive service of amended pleadings on his behalf. Cathie
contends that she met the requirements of the Rules of Civil Procedure by mailing the Second
Amended Petition to the attorney as Thomas's putative agent and contends that Thomas
waived his challenge to her method of serving because he failed to raise it in his Motion for
New Trial.

 An attorney may become an "attorney of record" by filing pleadings or appearing in
open court on a party's behalf. See Tex. R. Civ. P. 8, 120. There is no indication in the
clerk's record that the attorney filed an answer or appeared in open court on Thomas's
behalf, nor does the evidence presented during the hearing on the motion for new trial
demonstrate that the attorney became Thomas's authorized agent to accept pleadings filed
on his behalf. Thus, we conclude that the attorney did not become Thomas's attorney of
record as contemplated by the Texas Rules of Civil Procedure. 

 Cathie further argues that hiring an attorney for a limited purpose, even if the attorney 
does not file an answer or make an appearance in open court, creates a presumption that the
client vested the attorney with the authority to accept service of amended pleadings. 
However, the evidence at the hearing indicated that Thomas consulted with the attorney
about obtaining advice on a prospective divorce decree; it does not show that Thomas
obtained advice on the decree signed by the trial court, or that he authorized the attorney to
appear and represent him in the divorce. 

 An attorney's employment only authorizes the attorney to do those things authorized
by the client. Garrett v. Giblin, 940 S.W.2d 408, 410 (Tex. App.-Beaumont 1997, no writ);
Am. Nat'l Ins. Co. v. Savage, 112 S.W.2d 240, 242 (Tex. Civ. App.-San Antonio 1937, writ
dism'd) ("An attorney at law is a special agent, and only has authority to do that which he is
employed to do."). Whatever the nature of Thomas's relationship with the attorney, the
evidence did not demonstrate that it extended to appearing in court, filing an answer in the
divorce proceedings, or acting as Thomas's authorized agent for purposes of receiving
service of amended pleadings. Evidence that demonstrates an attorney undertook a limited
role in a matter does not allow us to infer that the attorney was hired to handle the case when
the record demonstrates that the attorney was not vested with authority to answer the charges
alleged in the petition. On the other hand, an attorney's appearance in court constitutes a
client's authorization that the attorney act as the client's agent with respect to receiving
pleadings by mail. Tex. R. Civ. P. 8, 21a, 121. We are unaware of any rules of civil
procedure that make an agreement to provide advice on a suit the equivalent of making an
appearance on the client's behalf. We decline to create such a rule. 

 Cathie also argues that Thomas waived any complaint about the manner she served
her amended pleadings because he failed to assert that his putative agent lacked authority to
accept amended pleadings in his motion for new trial. However, Thomas asserted in his
motion for new trial that at no time was he served with a citation, and during the hearing, his
attorney argued that Thomas did not waive his right under the rules to receive amended
pleadings when he executed the waiver of citation. Because Thomas complained in his
motion for new trial about the notice he received of the amended pleading, and then
presented an argument, through counsel, that he had not waived his right to require
compliance with the rules, we disagree that Thomas failed to preserve his complaint for
appeal. 

 Since Thomas challenged Cathie's compliance with the service rules, no presumption
arises that Thomas authorized his putative agent to accept service of Cathie's amended
pleadings. See Mathis v. Lockwood, 166 S.W.3d 743, 745 (Tex. 2005) (holding that when
notice is challenged under Rule 21a, it must be proved "according to the rule"). Rule 21a
requires service on an authorized agent or attorney of record. Tex. R. Civ. P. 21a. Thus, at
the hearing on the motion for new trial, Cathie bore the burden of proving that she served
Thomas's authorized agent. 

 The divorce decree entered by the trial court was based in part on new claims in
Cathie's Second Amended Petition. For instance, Thomas was not notified that the trial court
might award post-divorce maintenance or find cruelty under the allegations contained in
Cathie's First Amended Petition. By making a finding on allegations not contained in the
First Amended Petition, and by awarding damages based on newly asserted claims, the trial
court deprived Thomas of his right to be notified of the claims asserted against him. 

 Generally, a party is entitled to notice where an amended petition seeks a more
onerous judgment than an earlier pleading. See Weaver v. Hartford Accident & Indem. Co.,
570 S.W.2d 367, 370 (Tex. 1978). The rule's purpose is to allow a party to have fair notice
of the claims asserted against him. This court has previously stated that the "[f]ailure to
comply with the rules of notice in a contested case deprives a party of his constitutional right
to be present at the hearing, to voice his objections in an appropriate manner, and results in
a violation of fundamental due process." Rolon v. Rolon, 907 S.W.2d 670, 671 (Tex.
App.-Beaumont 1995, no writ) (citing Armstrong v. Manzo, 380 U.S. 545, 550, 85 S.Ct.
1187, 1190, 14 L.Ed.2d 62, 65 (1965)). We conclude that Cathie's failure to serve Thomas
with her Second Amended Petition deprived him of the notice of her new claims.

 Cathie also argues that the evidence showed that Thomas had actual notice of her
claims contained in the Second Amended Petition. Relying upon Allied Resources Corp. v.
Mo-Vac Service Co., Cathie argues that Thomas's actual receipt of her second amended
pleading is sufficient, even if it was not properly served under the Rules. 871 S.W.2d 773
(Tex. App.-Corpus Christi 1994, writ denied). Unlike the facts in Allied Resources, however,
Cathie's testimony failed to show that Thomas was actually aware of the existence of the
Second Amended Petition before the October 6, 2006 hearing. Id. at 778. Second, Allied
Resources concerned notice of a hearing, and not notice of claims asserted in an amended
pleading. Id. 

 Usually, when a court grants a default judgment, the prevailing party is required to
show strict compliance with the rules governing service of process. Primate Constr., Inc. v.
Silver, 884 S.W.2d 151, 152 (Tex. 1994); see also McKanna v. Edgar, 388 S.W.2d 927, 929
(Tex. 1965). Strict compliance with service rules protects the litigants' rights to due process. 
Therefore, we conclude that even had Thomas become aware that Cathie attempted service 
by sending a copy of her amended petition to his putative agent before the hearing, Thomas
was, nevertheless, entitled to insist upon proper service as required by the Rules of Civil
Procedure. Thus, we decline to create an actual notice exception to Rule 21a's service
requirements as they apply to amended pleadings. 

 Finally, nothing in the record demonstrates that a new trial would injure Cathie. See
Mathis, 166 S.W.3d at 744. Cathie did not argue, either at the hearing on the motion for new
trial or in her appellate brief, that she would be injured by the trial court's granting a new
trial. Accordingly, we conclude that Thomas met the requirements to show that he was
entitled to a new trial. Id. 

Conclusion

 We hold that the trial court abused its discretion in refusing to set aside the judgment
of October 6, 2006. The record failed to show that Thomas was served with the Second
Amended Petition as required by Rule 21a. Because Thomas was not served with the new
claims asserted in Cathie's Second Amended Petition and the waiver, assuming it was valid,
only applied to Cathie's First Amended Petition, the trial court could not adjudicate the
divorce based on her new claims asking for a greater share of the community estate. Under
these circumstances the appropriate relief is to reverse the trial court's judgment and remand
the case to the trial court for further proceedings consistent with this opinion. 

 REVERSED AND REMANDED.




 ____________________________

 HOLLIS HORTON

 Justice



Submitted on October 5, 2007

Opinion Delivered December 13, 2007

Before Gaultney, Kreger, and Horton, JJ.
1. The Waiver of Service provided that Thomas agreed "that this case may be taken up
and considered by the Court without further notice to me." We question whether Thomas's
Waiver of Service allowed the trial court to dispense with notifying him of a trial that was
not based on the petition that is the subject of his waiver. See Tex. R. Civ. P. 245 (requiring
notice of not less that forty-five days of the first trial setting). However, Thomas does not
raise this specific issue.
2. In Issue One, Thomas challenges the trial court's implicit finding that he executed
the waiver. While Thomas alleges that the waiver does not contain his signature, and
challenges the sufficiency of the evidence to support the trial court's ruling that the waiver
contained his signature, we need not decide Issue One because the relief available under that
issue is the same as the relief we grant on Issue Two. See Tex. R. App. P. 47.1.