COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                          NO.
02-08-320-CV

 

 

SAMUEL S. ASANDY@ EVANS                                                APPELLANT

 

                                                      V.

 

TAL
INDUSTRIES, INC. D/B/A 

LEE ENGINEERING COMPANY                                                   APPELLEE

 

                                                  ------------

 

           FROM COUNTY
COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

The court has before it Appellee TAL Industries,
Inc. d/b/a Lee Engineering Company=s
October 15, 2008 motion to dismiss this appeal for want of jurisdiction and
Appellant Samuel S. ASandy@ Evans=s
response.








TAL filed suit against Evans in small claims
court, alleging nonpayment of services. 
The small claims court entered judgment for TAL for $621.80, interest,
and court costs, and Evans appealed to the county court at law.  On trial de novo in the county court at law,
TAL obtained a judgment against Evans for $621.80 plus interest, court costs,
and attorney=s fees.  Evans filed this appeal.

In response to TAL=s motion
to dismiss, Evans complains that he never received the pleading upon which the
county court rendered judgment.  He  claims that TAL filed its first amended
petition in the county court on or around July 2, 2007, and that trial
testimony revealed that Evans=s copy
was served on one of his appeal bond sureties, and not on Evans himself, who
was pro se at the time.  He alleges that
TAL=s new
pleading Asought recovery on a sworn
account, in quantum meruit, and for attorney=s fees,
among other things,@ setting up at least one new
cause of action, and that because he had not seen the new pleading, he Awas
wholly unprepared to meet the claims asserted against him at trial@ on May
1, 2008.  Evans specifically complains
that the county court struck his verified denial, filed on the day of trial,
and that he was Athereafter prevented by the
Court=s ruling
from adducing any evidence of warranty or breach due to the sworn account
pleading, which, although not caused directly by [TAL=s]
failure to properly serve its petition, certainly placed the theretofore pro
se defendant at an even greater disadvantage.@








Our appellate jurisdiction does not extend to
suits originating in small claims court. 
See Tex. Gov=t Code
Ann. '
28.053(d) (Vernon 2004) (stating that the county court at law=s
judgment on appeal from small claims court is final); Sultan v. Mathew,
178 S.W.3d 747, 748 (Tex. 2005) (stating that courts of appeals lack
jurisdiction over cases originally filed in small claims court); see also
Gaskill v. Sneaky Enters., Inc., 997 S.W.2d 296, 297 (Tex. App.CFort
Worth 1999, pet. denied) (holding that this court lacks jurisdiction over
appeals from small claims court per section 28.053(d)).  Furthermore, we are unable to verify Evans=s
allegations because TAL=s amended petition is not
included in the record, and Evans did not provide this court with a transcript
of the trial in county court.[2]









Therefore, we grant TAL=s motion
and dismiss this appeal for lack of jurisdiction.

PER
CURIAM

 

PANEL: MCCOY, J.; CAYCE,
C.J.; and LIVINGSTON, J.

 

DELIVERED: November 20,
2008

 

 











[1]See Tex. R. App. P. 47.4.





[2]Under rule of civil
procedure 574a, A[e]ither party may plead
any new matter in the county or district court which was not presented in the
court below, but no new ground of recovery shall be set up by the plaintiff
. . . which was not pleaded in the court below.@  Tex. R. Civ. P. 574a.  Even if the record reflected that TAL filed
additional claims for suit on sworn account and quantum meruit, we infer that
these did not present new grounds for recovery because the basis for TAL=s additional causes of
action, given the nature of these causes of action, must have been the same as
in the small claims court, i.e., Evans=s failure to pay for services provided by TAL,
and TAL=s recovery, other than
attorney=s fees, remained the same
as that awarded by the small claims court, i.e., $621.80.  See Harrill v. A.J.=s Wrecker Serv., Inc., 27 S.W.3d 191, 194B95 (Tex. App.CDallas 2000, pet. dism=d w.o.j.) (holding that
plaintiff=s additional claims after
first trial in justice court were improperly dismissed by the county court
because they did not present new grounds of recovery); cf. Smith v. Smith,
241 S.W.3d 904, 905, 909 (Tex. App.CBeaumont 2007, no pet.) (reversing and remanding
for new trial where husband was not properly served with second amended
petition and trial court awarded greater relief than that available under
the first amended petition=s allegations). 
The county court=s findings of fact and
conclusions of law reflect that TAL demanded payment from Evans Apursuant to '38.001, et seq. of the
Texas Civil Practice and Remedies Code and [Evans] failed to pay.@  See Crumpton v. Stevens, 936 S.W.2d
473, 476 (Tex. App.CFort Worth 1996, no writ)
(A[A] statutory claim for
attorney=s fees that is dependent
on a cause of action that was originally pleaded in the justice court may be
asserted for the first time in a de novo appeal to the county court at law.@).