

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-08-320-CV

SAMUEL S. "SANDY" EVANS                                    APPELLANT

V.

TAL INDUSTRIES, INC. D/B/A
LEE ENGINEERING COMPANY                                    APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

The court has before it Appellee TAL Industries, Inc. d/b/a Lee Engineering

Company's October 15, 2008 motion to dismiss this appeal for want of

jurisdiction and Appellant Samuel S. "Sandy" Evans's response.

TAL filed suit against Evans in small claims court, alleging nonpayment

of services.  The small claims court entered judgment for TAL for $621.80,

---

[1] *See* Tex. R. App. P. 47.4.

interest, and court costs, and Evans appealed to the county court at law. On trial de novo in the county court at law, TAL obtained a judgment against Evans for $621.80 plus interest, court costs, and attorney's fees. Evans filed this appeal.

In response to TAL's motion to dismiss, Evans complains that he never received the pleading upon which the county court rendered judgment. He claims that TAL filed its first amended petition in the county court on or around July 2, 2007, and that trial testimony revealed that Evans's copy was served on one of his appeal bond sureties, and not on Evans himself, who was pro se at the time. He alleges that TAL's new pleading "sought recovery on a sworn account, in quantum meruit, and for attorney's fees, among other things," setting up at least one new cause of action, and that because he had not seen the new pleading, he "was wholly unprepared to meet the claims asserted against him at trial" on May 1, 2008. Evans specifically complains that the county court struck his verified denial, filed on the day of trial, and that he was "thereafter prevented by the Court's ruling from adducing any evidence of warranty or breach due to the sworn account pleading, which, although not caused directly by [TAL's] failure to properly serve its petition, certainly placed the theretofore *pro se* defendant at an even greater disadvantage."

Our appellate jurisdiction does not extend to suits originating in small claims court. *See* Tex. Gov't Code Ann. § 28.053(d) (Vernon 2004) (stating that the county court at law's judgment on appeal from small claims court is final); *Sultan v. Mathew*, 178 S.W.3d 747, 748 (Tex. 2005) (stating that courts of appeals lack jurisdiction over cases originally filed in small claims court); *see also Gaskill v. Sneaky Enters., Inc.*, 997 S.W.2d 296, 297 (Tex. App.—Fort Worth 1999, pet. denied) (holding that this court lacks jurisdiction over appeals from small claims court per section 28.053(d)). Furthermore, we are unable to verify Evans's allegations because TAL's amended petition is not included in the record, and Evans did not provide this court with a transcript of the trial in county court.[2]

---

[2] Under rule of civil procedure 574a, "[e]ither party may plead any new matter in the county or district court which was not presented in the court below, but no new ground of recovery shall be set up by the plaintiff . . . which was not pleaded in the court below." Tex. R. Civ. P. 574a. Even if the record reflected that TAL filed additional claims for suit on sworn account and quantum meruit, we infer that these did not present new grounds for recovery because the basis for TAL's additional causes of action, given the nature of these causes of action, must have been the same as in the small claims court, i.e., Evans's failure to pay for services provided by TAL, and TAL's recovery, other than attorney's fees, remained the same as that awarded by the small claims court, i.e., $621.80. *See Harrill v. A.J.'s Wrecker Serv., Inc.*, 27 S.W.3d 191, 194–95 (Tex. App.—Dallas 2000, pet. dism'd w.o.j.) (holding that plaintiff's additional claims after first trial in justice court were improperly dismissed by the county court because they did not present new grounds of recovery); *cf. Smith v. Smith*, 241 S.W.3d 904, 905, 909 (Tex. App.—Beaumont 2007, no pet.) (reversing and remanding for new trial where

Therefore, we grant TAL's motion and dismiss this appeal for lack of jurisdiction.

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: November 20, 2008

---

husband was not properly served with second amended petition *and* trial court awarded greater relief than that available under the first amended petition's allegations). The county court's findings of fact and conclusions of law reflect that TAL demanded payment from Evans "pursuant to §38.001, et seq. of the Texas Civil Practice and Remedies Code and [Evans] failed to pay." *See Crumpton v. Stevens*, 936 S.W.2d 473, 476 (Tex. App.—Fort Worth 1996, no writ) ("[A] statutory claim for attorney's fees that is dependent on a cause of action that was originally pleaded in the justice court may be asserted for the first time in a de novo appeal to the county court at law.").

4