**STYLEMARK CONSTRUCTION, INC.,**
**dba Leyendecker & Associates,**
**Inc., Appellant,**

v.

**Robert G. SPIES, Appellee.**

**No. B2505.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 4, 1981.
Rehearing Denied Feb. 25, 1981.

Barry Snowden, Morris, McCanne, Tinsley, Snowden, Ellis & Wilson, Houston, for appellant.

Philip L. Spies, Austin, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MILLER, Justice.

Appellee brought suit for commissions allegedly due him on sales of property for the appellant. Trial was to the court, which found appellant had failed to file an answer in the cause, though being served with citation. In the default hearing, judgment, including liquidated damages, attorney's fees and exemplary damages, was awarded to the appellee in the aggregate sum of $45,000.00, together with interest on said judgment and all costs of court. Appellant brings forth nine points of error. We reverse and remand.

After filing suit for the money allegedly due him, appellee endeavored to serve the appellant by personally serving Charles S. Leyendecker, the registered agent for the appellant, at the address registered with the Secretary of State, 8509 Wilcrest, Houston, Texas. The constable returned the original citation with the notation "unable to locate to serve," after several attempts at service were made. Subsequently, appellee moved for substitute service of citation under Tex.R.Civ.P. 106(f) (1978), which motion was granted by the lower court. The order granting the motion for substitute service recited that the officer should make his return upon the citation by affixing upon the return the time and date of mailing the citation to the registered agent of the appellant. In other words, service was to be perfected per the order granting the motion for substitute service simply by the ·officer depositing the certified letter with the postal service. Actual receipt of the letter by the appellant was apparently not intended by that court to be a requirement as to the substitute service authorized.

The trial judge found the appellant had been served in accordance with the order granting the motion for substitute service. The court reviewed the certificate from the Secretary of State showing the registered agent and registered address for the appellant, and the return receipt indicating on its face that the United States Postal Service was unable to forward to the registered agent the certified letter, even though the address was the same as the name and address registered for the appellant and filed with the Secretary of State. On this basis, a default judgment was entered in appellee's favor.

On the thirtieth day after the default judgment was entered appellee obtained a writ of execution upon the property of appellant. When presented with the writ of execution by the constable, appellant tendered a check to the constable in the amount of $46,408.75.

After the levy of the writ of execution, the appellee and the constable were temporarily restrained from disbursing the funds obtained under the writ by a temporary restraining order issued by the 127th Judicial District Court of Harris County, Texas. Before the TRO was dissolved, appellant perfected its writ of error and filed its

supersedeas bond herein. After the writ of error was perfected and the supersedeas bond filed, the TRO was dissolved. Several weeks after the TRO was dissolved the Harris County constable's office disbursed the funds obtained by the writ of execution, paying appellee $45,787.39.

In his nine points of error, appellant asserts there is no evidence, or in the alternative there is insufficient evidence, to support the awarding of the damages which the trial court granted and also that the judgment of the trial court is void for lack of jurisdiction because of improper service of process on the appellant.

Appellee urges that appellant's appeal is moot since appellant paid the amount of the judgment rendered against it to the constable when execution was about to be levied against appellant's property. We disagree.

■ Generally, the test virtually all courts use to determine whether an appeal following payment of a judgment by the defeated party is moot, is whether the payment was made voluntarily or involuntarily. If voluntarily paid, these courts hold the subsequent appeal is moot; if involuntarily paid, they do not consider the appeal moot. *See generally* 39 A.L.R.2d 146 (1955). Additionally, there is substantial agreement that payment or performance of a judgment is not voluntary where it follows execution or other legal process issued for enforcement of the judgment. *Id.* Texas has followed this general rule since 1877, when the Texas Supreme court decided *Cravens v. Wilson*, 48 Tex. 321 (1877).

■ The involuntary nature of the payment is especially evident in the facts as they exist in the case at bar. Appellant only paid the amount in satisfaction of the judgment after the constable came to the appellant's premises attempting to levy execution. Appellant's payment of the judgment under these circumstances surely evidences an involuntary payment, and therefore we hold appellant's appeal not moot.

Appellant complains in point of error four that the judgment of the trial court is void

for lack of jurisdiction because the affidavit of the officer who attempted personal service on the appellant's registered agent was insufficient as a matter of law to sustain a motion for substitute service of citation. This point of error will be dispositive of the appeal.

In the affidavit supporting the motion for substitute service, the officer stated he was instructed to attempt personal service upon the appellant's registered agent, and that it had become *difficult and impractical* to serve the citation on the registered agent personally. Without further statements of efforts made and based on this affidavit alone, the lower court authorized substitute service.

■ Because this is a writ of error proceeding, the decisive question is whether there is an error apparent on the face of the record which vitiates the trial court's judgment. *Texaco, Inc. v. McEwen*, 356 S.W.2d 809 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.). Further, since the petition constitutes a direct attack upon a default judgment we will not indulge any presumptions in support of the judgment's validity. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). Unless the record affirmatively shows strict compliance with the provided manner and mode of service of process, a default judgment will not withstand an attack based upon a claim of invalid service. *Id.; Light v. Verrips*, 580 S.W.2d 157 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ).

■ Applying these standards, we hold the affidavit in support of the motion for substitute service was insufficient to establish that personal service was impractical. In order to establish that personal service is impractical an affidavit should preferably contain the name of the person to be served, that person's residence and business addresses, and should describe the attempts at service at each address and the time of day that each attempt was made. Mere conclusionary statements made by an officer that service was "difficult or impractical" are not sufficient for this court to

sustain the granting of a motion for substitute service. *See Harrison v. Dallas Court Reporting College, Inc.*, 589 S.W.2d 813, 815 (Tex.Civ.App.—Dallas 1979, no writ); *Light v. Verrips*, 580 S.W.2d 157 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

Since we find the substitute service was supported by an insufficient affidavit, no personal jurisdiction over appellant was acquired by the trial court. Our decision requires the default judgment be reversed and the cause remanded to the district court.

We do not find it necessary to rule on the appellant's other eight points of error, however, in our opinion points of error seven through nine concerning the sufficiency of evidence in support of the various damages awarded by the trial judge are well taken. Were we to reach these issues, we would have a difficult time affirming the judgment in the amounts granted, considering the meager evidence presented in support of the awards.

Judgment reversed and remanded.