**MACKIE CONSTRUCTION COMPANY, Appellant,**

v.

**CARPET SERVICES, INC., Appellee.**

**No. 11–82–216–CV.**

Court of Appeals of Texas, Eastland.

Dec. 30, 1982.

---

Robert H. Renneker, Weil, Brutsche & Clements, Dallas, for appellant.

Peter G. Smith, Saner, Jack, Sallinger & Nichols, Dallas, for appellee.

McCLOUD, Chief Justice.

This is an appeal from a default judgment. The issue is whether or not the affidavit of J.C. Eison, a deputy sheriff, complies with the requirements of Tex.R. Civ.P. 106(b) regarding substituted service.

The trial court awarded plaintiff, Carpet Services, Inc., a default judgment for $35,-009.70, plus interest and attorney's fees, against Mackie Construction Company. Service was perfected on defendant, a Texas Corporation, on June 30, 1981, pursuant to the court's order, by leaving a true copy of the citation, and an attached copy of the petition, with "Mary Yates," a person over the age of sixteen years at the location specified in the affidavit of J.C. Eison.

Defendant contends that the default judgment is void because the court failed to acquire personal jurisdiction over the defendant. We agree.

Plaintiff's motion for substituted service on defendant alleged that Thomas Mackie, Jr., defendant's registered agent, had been "avoiding process." The attached affidavit of J.C. Eison, an officer of the Tarrant County Sheriff's Department, stated regarding his attempt to personally serve Thomas Mackie, Jr.: "I have made numerous attempts to obtain service on given defendant, but have been unsuccessful. Defendant seems to be avoiding service." Based on plaintiff's motion and the affidavit of Eison, the court ordered that service upon Thomas Mackie, Jr., be effected by leaving a true copy of the citation and petition with anyone over the age of sixteen at the usual place of abode of Thomas Mackie, Jr., the registered agent of Mackie Construction Company.

Tex.R.Civ.P. 106 provides in part:

(a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any officer authorized by Rule 103 by

(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

(2) mailing to the defendant by registered or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and *stating specifically the facts showing that service has been attempted under either* (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

(1) by an officer or by any disinterested adult named in the court's order by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or... (Emphasis added)

The emphasized language copied above clearly requires that the affidavit state "specifically the facts" showing how service has been attempted. The conclusionary statement in Eison's affidavit is insufficient.

Prior to January 1, 1981, Rule 106 provided for substituted service where it was "impractical" to secure personal service. The rule did not expressly provide as it now does, that the affidavit state "specifically the facts" showing that personal service has been attempted. Nevertheless, it was held that an affidavit containing only conclusionary statements was insufficient. *Harrison v. Dallas Court Reporting College, Inc.,* 589 S.W.2d 813 (Tex.Civ.App.—Dallas 1979, no writ).

Eison's affidavit does not show how many attempts of service were made or the times at which service was attempted. The affidavit contains conclusions and not "facts" as required by Rule 106. See *Stylemark Construction, Inc. v. Spies,* 612 S.W.2d 654 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

The substituted service was supported by an insufficient affidavit. No personal jurisdiction over defendant was acquired by the trial court. The default judgment is reversed and the cause is remanded for trial.