**David Lee MEDFORD, Appellant,**

v.

**Joyce C. SALTER, Appellee.**

No. 13–87–173–CV.

Court of Appeals of Texas,
Corpus Christi.

March 17, 1988.

Karri J. Webb–Oldham, Charles W. Lyman, Alice M. Giessel, Giessel, Stone, Barker & Lyman, Houston, for appellant.

William K. Wilder, Bay City, Gary L. McConnell, McConnell & Klement, Angleton, for appellee.

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal by writ of error from a default judgment in a suit involving an accident between appellee's automobile and one driven by appellant David Medford. We reverse and remand.

Salter, a resident of Matagorda County, filed suit against David Lee Medford on April 28, 1986, to recover damages for injuries she suffered in the accident. The petition states that Medford could be served with process at 705 Beta Circle, Pasadena, Texas. On May 22, 1986, Salter filed a "Motion for Substituted Service of Citation," stating that it had been impossible to serve appellant with process despite several attempts. The motion included an attached affidavit by her attorney stating that Medford would be given notice of the suit by serving a copy of the citation and petition on Patricia Auguello, appellant's insurance agent. The attorney stated that his office made diligent efforts to obtain service without success. It further stated that appellee's attorney believed that the insurance agent knew appellant's whereabouts because of a letter attached as "Exhibit A." It is undisputed that no letter was attached to the motion. The affidavit also stated that it was the attorney's opinion that if Auguello was served with process, she could forward the process to Medford. The final paragraph stated that it was "made for the purpose of authorizing the clerk of the above-named Court to issue citation for such Defendant by substituted service in accordance with the Texas Rules of Civil Procedure, *TRCP Rule 109a*". (Emphasis ours). The trial judge signed the order substituting service of citation. The order stated that based upon the mo-

tion and supporting affidavit, the court found that attempted service had not been successful. Substituted service was made by service on a person over fourteen years of age at the office of appellant's insurance agent in Houston, Texas. On October 3, 1986, Salter filed a motion for default judgment with the trial court which was granted on October 27, 1986, and a judgment was entered against Medford.

By Medford's first point of error, he argues that the trial court erred in entering a default judgment against him on the basis of substituted service. Medford initially claims that Salter failed to comply with the requirements outlined in Rules 109 and 109a which are necessary to obtain personal jurisdiction over the appellant. Tex.R. Civ.P. 109a provides for substituted service under the citation by publication rule. Salter conceded at oral argument that service of process was not properly made pursuant to Tex.R.Civ.P. 109a. She admitted that if notice, affidavit and order called for a Rule 109a service, that the case should be reversed. However, she contends in her reply points that the trial court did not err in rendering a default judgment against appellant because service was properly made pursuant to Rule 106 and not pursuant to Rule 109a. She claims reference to Rule 109a which provides for substituted service by publication was merely a clerical oversight. We must reject Salter's argument that citation was properly made under Rule 106.

■ Where *in personam* jurisdiction is based upon substituted service, the record must affirmatively show strict compliance with the statute or rule authorizing such service. *Garrels v. Wales Transportation, Inc.,* 706 S.W.2d 757, 758 (Tex. App.—Dallas 1986, no writ); *Mylonas v. Texas Commerce Bank–Westwood,* 678 S.W.2d 519, 523 (Tex.App.—Houston [14th Dist.] 1984, no writ). Failure to affirmatively show strict compliance with the rules of civil procedure relating to issuance, service and return of citation will render the attempted service of process invalid and of no effect. *Cates v. Pon,* 663 S.W.2d 99, 102 (Tex.App.—Houston [14th Dist.] 1983,

writ ref'd n.r.e.); *Mega v. Anglo Iron & Metal Co.,* 601 S.W.2d 501, 503 (Tex.Civ. App.—Corpus Christi 1980, no writ). Since this appeal constitutes a direct attack on a default judgment by writ of error, we will not indulge any presumptions in support of the judgment's validity. *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965). The decisive question is whether there is lack of jurisdiction apparent on the face of the record to vitiate the trial court's judgment. *Id.* at 928. Tex.R.Civ.P. 106(b) authorizes:

Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating *specifically* the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

(1) by an officer or by any disinterested adult named in the court's order by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in suit affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit. (emphasis added).

■ Here, the affidavit for substituted service, by appellee's attorney, stated only that diligent effort to obtain service of process was made. The affidavit does not show specific facts that service had been attempted. The affidavit is merely conclusory. Mere statements of conclusion, even when made by the officer who attempted service, have been held insufficient to sustain the granting of substituted service. *Beach, Bait & Tackle, Inc. v. Holt,* 693 S.W.2d 684, 685 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Mackie Construction Co. v. Carpet Services,* 645 S.W.2d 594, 595 (Tex.App.—Eastland 1982, no writ). Here, the affidavit was not even made by the individual who attempted service. The affidavit was insufficient.

Since there was not a strict compliance with the Rule 106(b) provisions for substituted service, the alternate service of process attempted was invalid and of no effect. Therefore, the judgment is invalid for lack of jurisdiction.

The judgment below is REVERSED and REMANDED to the trial court for new trial.