**John E. LEWIS, Appellant,**

v.

**Ruben RAMIREZ, Appellee.**

No. 13–00–107–CV.

Court of Appeals of Texas, Corpus Christi.

June 7, 2001.

---

5. This Court is not determining the ownership of the Weatherly, but rather that as a listed corporate asset, the Weatherly was subject to the receivership authority of Mann on April 2nd, prior to the April 3rd sale to Huffmeyer II.

Michael Lee Young, McAllen, for Appellant.

Ruben Ramirez, Law Office of Ruben Ramirez, McAllen, for Appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CANTU.[1]

## OPINION

Opinion by Justice ANTONIO G. CANTU (Assigned).

Review is sought by restricted appeal to set aside a default judgment rendered against appellant.

---

**1.** Senior Justice Antonio G. Cantu assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

## Factual Summary

Appellee, Ruben Ramirez, brought suit against appellant, John E. Lewis, to recover alleged damages suffered as a result of a contract dispute arising out of an attorney-client relationship. Both Lewis and Ramirez are licensed attorneys in Hidalgo County, Texas.

Lewis, who is now retired, retained Ramirez to represent him in a legal dispute with National Advertising Company (National) over the rental of a certain piece of property located in Cameron County, Texas.

Ramirez represented Lewis and obtained a favorable jury verdict against National in the amount of $63,366.64. Lewis, however, was not in agreement with the verdict and sought to appeal the trial court's judgment. Ramirez, for reasons not established by the record, did not represent Lewis on appeal.[2] Thereafter, while the case was on appeal, a compromise and settlement agreement was reached between Lewis and National for the amount of $64,302.23.

On July 2, 1999, Ramirez filed the instant action against Lewis alleging that, pursuant to a contingent fee contract, he was entitled to a percentage of the settlement proceeds from the original dispute and other damages.

On July 28, 1999, Ramirez filed his Motion for Substituted Service, alleging that service on Lewis had been unsuccessful and requesting that the court authorize service on Lewis by leaving a copy of the

---

**2.** Ramirez alleged in his Original Petition and in his brief that Lewis sought to hire other counsel to represent him on appeal. Lewis, on the other hand, states in his brief that Ramirez refused to continue representing him on appeal.

citation with petition attached with anyone over the age of sixteen at 317 Xanthisma, McAllen, Hidalgo County, Texas.

On August 2, 1999, the trial court authorized substituted service on Lewis as prayed for by Ramirez. A return of citation was filed on September 7, 1999 showing that Lewis had been served on the same day in the manner ordered by the trial court. Lewis did not file an answer.

Thereafter, on October 4, 1999, Ramirez filed his Motion for Default Judgment and presented testimony and evidence in support of his petition. A default judgment was entered against Lewis awarding Ramirez damages in the aggregate sum of $159,111.38 consisting of actual damages in the amount of $25,720.89, pre-judgment interest in the amount of $1,286.04, punitive damages in the amount of $128,604.45, and attorney fees in the amount of $3,500.00.

### The substituted service

Initially, Lewis challenges the default judgment on the grounds that the service was invalid because the affidavit supporting the motion for substituted service was deficient in that it did not strictly comply with the requirements of Tex.R.Civ.P.106 (b)(1). The rule provides:

> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found *and stating specifically the facts showing that service has been attempted* under either (a)(1) or (a)(2) at the location named in the affidavit but has not been successful, the court may authorize service.
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location speci-

fied in such affidavit, or in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX.R.CIV.P.106(b) (emphasis added)

In support of the motion for substituted service, Ramirez filed the affidavit of Oziel Moreno, a process server, which stated in relevant part:

> My name is Oziel Moreno and I am the person who has attempted to serve defendant, JOHN E. LEWIS, in person, on several occasions at 317 Xanthisma, McAllen, Hidalgo County, Texas 78504, his usual place of abode. To date, attempts made to serve defendant with process have not been successful.

Lewis complains about the portion of the affidavit regarding the unsuccessful attempts at personal service. He claims that the language is entirely conclusory and insufficient to demonstrate the need for other than personal service. Ramirez suggests that the portion complained about cannot be conclusory because the statement that he "has attempted to serve defendant, JOHN E. LEWIS, in person on several occasions," is purely a factual statement.

Ramirez, however, fails to observe that even a non-conclusory statement may, nevertheless, be insufficient to adhere to the requirements of rule 106. See *Wilson v. Dunn*, 800 S.W.2d 833, 836, (Tex.1990). (substitute service may not properly issue on a motion supported by an affidavit that is conclusory or *otherwise insufficient.*)(emphasis added)

Although Lewis also challenges the award of punitive damages, the dispositive issue to be resolved is whether Lewis can

demonstrate error on the face of the record.

### The Restricted appeal

■ Tex.R.App.P. 30 declares that restricted appeals replace the procedure formerly known as writ of error appeals. A restricted appeal, like an appeal by writ of error, is a direct attack. *Faggett v. Hargrove*, 921 S.W.2d 274, 276, (Tex.App.— Houston, [1st Dist.] 1995, no writ). In determining whether an error appears on the face of the record, a restricted appeal affords an appellant the same scope of review as an ordinary appeal and the reviewing court may consider all the papers on file in the appeal, including the court reporter's record. *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997).

### Standard of Review

■ A default judgment cannot withstand a direct attack by a defendant who shows that he was not served in strict compliance with the Texas Rules of Civil Procedure. *Wilson v. Dunn*, 800 S.W.2d at 835; *Medeles v. Nunez*, 923 S.W.2d 659, 662 (Tex.App.—Houston [1st Dist.] 1996 writ denied). When a default judgment is attacked directly, substituted service is not authorized under Rule 106(b) without an affidavit that meets the requirements of the rule demonstrating the necessity for other than personal service. *Wilson*, 800 S.W.2d at 836.

■ There is no presumption in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Primate Construction, Inc. v. Silver*, 884 S.W.2d 151, 152, (Tex. 1994); *Wilson*, 800 S.W.2d at 836. Strict compliance with the rules of civil procedure relating to the issuance, service and return of citation must be shown on the face of the record or the attempted service

of process will be rendered invalid and of no effect. *Id.; Uvalde Country Club v. Martin Linen Supply*, 690 S.W.2d 884, 885 (Tex.1985); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). *See also Medford v. Salter*, 747 S.W.2d 519, 520, (Tex. App.—Corpus Christi 1988, no writ) (affidavit in support of motion for substituted service of citation did not show specific facts that service had been attempted and was deficient).

The elements necessary to succeed on a restricted appeal of a default judgment are: (1) a notice of restricted appeal filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of, and (4) error must be apparent on the face of the record. TEX.R.APP.P. 26.1(c), 30; *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex. 1985).

### Discussion

■ Compliance with the first three elements is not herein made an issue. Only the fourth element is in issue in this appeal.

Lewis justifiably relies heavily on the opinion in *Mackie Construction Co. v. Carpet Services*, 645 S.W.2d 594, (Tex.App.— Eastland 1982, no writ). In *Mackie*, the court of appeals noted:

> Plaintiff's motion for substituted service on the defendant alleged that Thomas Mackie, Jr., the defendant's registered agent, had been "avoiding process." The attached affidavit of J.C. Eison, an officer of the Tarrant County Sheriff's Department, stated regarding his attempt to personally serve Thomas Mackie, Jr.: "I have made numerous attempts to obtain service on given defendant, but have been unsuccessful. Defendant seems

to be avoiding service." 645 S.W.2d at 595.

The descriptive language addressing attempted service, that is, "numerous attempts," was held to be lacking in the specificity required by rule 106. A failure to disclose the number of attempts made, along with the calendar dates on which service was attempted, was held to be fatal to the affidavit.

 Clearly, an affidavit can be insufficient because of lack of specificity and at the same time be objectionable as containing conclusory language. Moreno's conclusory statement, "Defendant seems to be avoiding service," additionally contributes to the affidavit's defectiveness.

Similar results have been reached by a number of courts. The Texas Supreme Court in *Wilson v. Dunn, supra.,* has recognized some of these holdings as correctly assaying the sufficiency of affidavits in support of substituted service of process.[3]

In *Travis Builders, Inc. v. Graves,* 583 S.W.2d 865, 867 (Tex.App.—Tyler 1979, no writ), an affidavit reciting that the deputy constable had used "reasonable diligence" was held to fail to include the required factual statement disclosing the actual diligence used to obtain personal service. In *Stylemark Construction, Inc. v. Spies,* 612 S.W.2d 654, 656 (Tex.App.—Houston [14th Dist.] 1981, no writ), an affidavit reciting that personal service had become difficult and impractical to accomplish was held to lack the specificity detailing the efforts made to obtain service.[4] In *Harrison v. Dallas Court Reporting College, Inc.,* 589

S.W.2d 813, 815 (Tex.Civ.App.—Dallas 1979 no writ) an insufficient affidavit recited the making of "several attempts" without disclosing the number and times at which service was attempted. In *Beach, Bait & Tackle, Inc., Store No. 2 v. Holt,* 693 S.W.2d 684, 686 (Tex.App.—Houston [14th Dist.] 1985, no writ), an affidavit stating that "service was impractical despite due diligence" was held insufficient to support substituted service.

This court, in *Medford v. Salter, supra.,* rejected an affidavit as conclusory which merely declared that diligent effort to obtain service of process was made without a showing of the specific facts that supported the diligence claimed. 747 S.W.2d at 520.

### Conclusion

Considering the consistent application of the foregoing standards, we conclude that the affidavit in support of the motion for substituted service was insufficient to establish that personal service was not practical because of unsuccessful efforts. Because there was not strict compliance with the Rule 106(b) provisions for substituted service, the substitute service of process was invalid and of no effect. The trial court acquired no personal jurisdiction over Lewis.

Our holding requires that the default judgment be reversed and the cause be remanded for trial. We, therefore, find it unnecessary to address Lewis' second contention complaining of the award of puni-

---

**3.** The express requirement of an affidavit in support of a motion for substitute service was not added to the rule until 1981. Nevertheless, those opinions herein cited and decided prior to 1981 often were called upon to examine the sufficiency of affidavits in support of motions for substituted service even though the rule merely required some probative evi-

dence of impracticality of personal service. *See Wilson,* 800 S.W.2d at 836.

**4.** The opinion suggests that the affidavit should contain the name of the person to be served, the person's residence and business addresses, and should describe the attempts at service at each address and the time of day that each attempt was made.

tive damages. *Cf. Southern Gulf Operators, Inc. v. Meehan,* 969 S.W.2d 586, 588 (Tex.App.—Beaumont 1998, no writ).

**REVERSED AND REMANDED.**