Opinion issued October 10, 2002











In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00923-CV






RODNEY FRED PUTZ, Appellant


V.


SHARON JINKS PUTZ, Appellee






On Appeal from the 335th District Court of

Burleson County, Texas

Trial Court Cause No. 21,537






O P I N I O N


 This appeal is brought from the trial court's decision, in a post-divorce
proceeding, to grant an "Order Enforcing Entry of Judgment Against Rodney Fred
Putz [appellant] as Constructive Trustee for Sharon Jinks Putz [appellee]." Appellant
presents three issues on appeal. He argues that: (1) the trial court erred in ordering
substituted service because appellee failed to file a proper motion and supporting
affidavit as required by Tex. R. Civ. P. 106(b); (2) the default judgment is void
because the trial court lacked personal jurisdiction over appellant as he was not
properly served with process; and (3) the default judgment is void because the trial
court's plenary power had expired. We reverse.

Facts

 Appellant and appellee sought a final decree of divorce, which was entered on
May 15, 1998. Appellee filed a "Motion for Entry of Qualified Domestic Relations
Order (QDRO) and for Entry of Judgment Against Rodney Putz as Constructive
Trustee for Sharon Putz" on April 14, 2000. The trial court signed the QDRO on
April 27, 2000, which was subsequently amended on May 3, 2000.

 Appellee filed another "Motion to Enforce Entry of Judgment Against Rodney
Putz as Constructive Trustee for Sharon Putz" on May 30, 2000. Apparently unable
to complete service, appellee filed a "Motion for Substituted Service" on February 7,
2001, without any supporting affidavits. The trial court granted appellee's motion on
March 1, 2001. 

 In compliance with the order granting substituted service, Mary Hitner Putz,
appellant's then alleged wife, was served at her home in Tennessee, on April 12,
2001. Within a few weeks, Mary Putz sent a letter to the trial court clerk, indicating
appellant no longer lived with her and the two were seeking a divorce.

 The trial court conducted a default judgment hearing on June 20, 2001, which
resulted in the entry of an "Order Enforcing Judgment" and a second amended
QDRO. Appellant filed notice of restricted appeal on September 26, 2001, three
months later.

Discussion

Motion for Substituted Service

 In issue one, appellant contends the trial court erred in ordering substituted
service because appellee failed to file an affidavit stating locations and other facts
showing previous attempts at personal service as required by rule 106(b), which
states:

 Upon motion supported by affidavit stating the location of the
defendant's usual place of business or usual place of abode or other
place where the defendant can probably be found and stating specifically
the facts showing that service has been attempted . . . at the location
named in such affidavit but has not been successful, the court may
authorize service

 
(1) by leaving a true copy of the citation, with a copy of the petition
attached, with anyone over sixteen years of age at the location specified
in such affidavit, or

 
(2) in any other manner that the affidavit or other evidence before the
court shows will be reasonably effective to give the defendant notice of
the suit.

Tex. R. Civ. P. 106(b). 

 Rule 106(b) explicitly requires an affidavit showing attempted service before
authorizing substituted service. Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990). 
The record does not include an affidavit reflecting either attempted service or where
the appellant could be found. Strict compliance with the Rules of Civil Procedure
relating to the issuance, service, and return of citation must be shown or the attempted
service of process will be rendered invalid and of no effect. Olympia Marble &
Granite v. Mayes, 17 S.W.3d 437, 444 (Tex. App.--Houston [1st Dist.] 2000, no pet.)
(quoting Wilson, 800 S.W.2d at 836); See also Medford v. Salter, 747 S.W.2d 519,
520 (Tex. App.--Corpus Christi 1988, no writ) (stating affidavit in support of motion
for substituted service of citation did not show specific facts that service had been
attempted and was deficient). 

 A direct attack on a judgment by restricted appeal must: (1) be brought within
six months after the trial court signs the judgment; (2) by a party to the suit; (3) who
did not participate in the hearing that resulted in the judgment made the subject of the
complaint; (4) who did not file a post-judgment motion, request for findings of fact
and conclusions of law, or other notice of appeal; and (5) the error that forms the
basis of the complaint must be apparent on the face of the record. Tex. R. App. P. 30; 
See also Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex.
1997). Appellant satisfies the first four criteria; thus, we must determine if the error
complained of is apparent from the face of the record. 

 Appellee's motion for substituted service purported to include "the affidavit
of Sharon Junks [sic] Putz, stating facts that service of citation by publication on
Rodney Fred Putz is authorized." However, we find no affidavit in the record and
only the trial court's order suggests compliance with Rule 106(b). In a direct attack
on a default judgment, there is no presumption in favor of valid issuance, service, or
return of citation. Mayes, 17 S.W.3d at 444. Therefore, we hold that, the absence of
an affidavit (from the record) renders appellant's substituted service of process
invalid.

 However, appellee testified at the hearing on her motion for substituted service
that service of process on Mary Putz was reasonably calculated to give appellant
adequate notice. This argument does not address the affidavit requirement explicit
in rule 106(b). Rather, appellee's argument was addressed in Wilson, when the court
noted that, prior to the 1981 change in Rule 106(b) (express requirement for
supporting affidavit to effect motion to substitute service), substitute service was
permissible where the proponent of service presented probative evidence. Wilson,
800 S.W.2d at 836. Because the rule now demands an affidavit "demonstrating the
necessity for other than personal service," we hold that the substituted service was
invalid based on the face of the record. Id. 

 We sustain point of error one.

Default Judgment

 Appellant argues that the default judgment is void because the trial court
lacked personal jurisdiction. "Jurisdiction is dependant upon citation issued and
served in a manner provided for by law." Id. The trial court did not have personal
jurisdiction over appellant, because the appellee did not comply with the statutory
requirement for substituted service. Id at 836-37.

 We sustain point of error two, and, thus, do not reach point of error three.







Conclusion

 Because the trial court's judgment is void, we vacate the judgment and dismiss
the case. Tex. R. App. P. 43.2(e). 

 Frank C. Price Justice

 


Panel consists of Justices Taft, Alcala, and Price. (1)

Do not publish. Tex. R. App. P. 47. (2)
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.
2.