11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Osbaldo Coronado, Jr.

Appellant

Vs.                   No. 11-02-00365-CV B 
Appeal from Taylor County

Sharon Norman

Appellee

 

Osbaldo
Coronado, Jr. filed this restricted appeal to set aside a default judgment
rendered against him.  We reverse and
remand.

Issues
Presented

Appellant
presents two issues on appeal.  First,
appellant claims that substituted service of process was improper under
TEX.R.CIV.P. 106(b).  Second, appellant
challenges the legal sufficiency of the evidence of the unliquidated damages
awarded by the trial court.  Because we
agree that service of process was improper under Rule 106(b), we do not address
appellant=s second issue.

Background
Facts

On May 28,
2002, Sharon Norman filed suit against appellant to recover alleged damages
suffered as a result of an automobile accident.  On June 13, 2002, appellee filed a motion for substituted
service, attaching an affidavit from Chuck Horton, the process server.  The relevant part of Horton=s affidavit stated: 

6.                 
I made more
than 6 visits to such address and attempt (sic) to obtain personal service of
process on the Defendant, Osbaldo Coronado, Jr., at 1542 Lillius Street in
Abilene, Texas, the Defendant=s place of abode and/or where he can probably be found, on varying
dates between May 31, 2002, and the date of this Affidavit [June 13, 2002].

 

7.                 
On each of the
occasions mentioned above I was informed that the said Defendant resided at
such address but that he was not there. 
The last time or two I heard voices within but no one ever came to the
door.

 








8.                 
The foregoing
attempts to obtain personal service on the Defendant, Osbaldo Coronado, Jr.,
have been unsuccessful to date.  I
advised Plaintiff Sharon Norman=s attorney of my attempts and he requested that I submit a ARule 106 Affidavit.@

 

The trial court granted
the motion, and appellant was served through substituted service by attaching
the petition to the door of Coronado=s home.  Appellant did not file
an answer to the suit, and the trial court granted a default judgment, awarding
appellee $17,945.11 in damages. 

                                                                 Restricted
Appeal

In his
first issue on appeal, appellant contends that there was error on the face of
the record because the affidavit supporting the substituted service was
insufficient under Rule 106(b).

An
appellant must establish four elements in order to be successful in a
restricted appeal:  (1) the petition
must be brought within six months from the signing of the judgment; (2) by a
party to the lawsuit; (3) who did not participate in the trial on the merits;
and (4) the error must be apparent on the face of the record.  TEX.R.APP.P. 30; Campbell v. Fincher, 72
S.W.3d 723, 724 (Tex.App. B Waco 2002, no pet=n).  Restricted appeals replace
the former writ of error procedure.  A
restricted appeal, like an appeal by writ of error, is a direct attack.  Lewis v. Ramirez, 49 S.W.3d 561, 564
(Tex.App. B Corpus Christi 2001, no pet=n). 
Whether an error on the face of the record exists is determined by a
consideration of all papers on file in the record.  Norman Communications v. Texas Eastman Company, 955 S.W.2d 269,
270 (Tex.1997).

A default
judgment cannot stand when service was not in strict compliance with the Texas
Rules of Civil Procedure.  There is no
presumption in favor of valid issuance, service, and return of citation in the
face of a direct attack on a default judgment. 
Primate Construction, Inc. v. Silver, 884 S.W.2d 151, 152
(Tex.1994).  Strict compliance with the
Texas Rules of Civil Procedure relating to the issuance, service, and return of
citation must be shown on the face of the record; or the attempted service of
process will be rendered invalid and of no effect.  Uvalde Country Club v. Martin Linen Supply Company, Inc., 690
S.W.2d 884, 885 (Tex.1985).

Rule 106(b) governs the substituted service and states in part:








Upon
motion supported by affidavit stating the location of the defendant=s usual place of business or usual place of
abode or other place where the defendant can probably be found and stating
specifically the facts showing that service has been attempted under either
(a)(1) or (a)(2) at the location named in such affidavit but has not been
successful, the court may authorize service...(2) in any other manner that the
affidavit or other evidence before the court shows will be reasonably effective
to give the defendant notice of the suit. 
(Emphasis added)

 

This case
raises the question of what Afacts showing that service has been attempted@ must be included in the Rule 106(b)
affidavit.

Standard of Review

Substituted service is not authorized under Rule
106(b) without an affidavit which meets the requirements of the rule
demonstrating the necessity for other than personal service.  Wilson v. Dunn, 800 S.W.2d 833, 836
(Tex.1990).  Substituted service may not
properly issue on a motion supported by an affidavit that is conclusory or
otherwise insufficient.  Wilson v. Dunn,
supra.

Appellee
argues that, when the issue is whether the affidavit contains Aenough facts@ to authorize substituted service, the standard of review is abuse of
discretion.  We disagree.  Personal jurisdiction is composed of two
elements:  (1) the defendant must be
amenable to the jurisdiction of the court; 
and (2) if the defendant is amenable to the jurisdiction of the court,
the plaintiff must validly invoke that jurisdiction by valid service of process
on the defendant.  Kawasaki Steel
Corporation v. Middleton, 699 S.W.2d 199, 200 (Tex.1985).  The issue of whether a Texas court has
personal jurisdiction is a question of law. 
BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794
(Tex.2002)(stating in reviewing a special appearance, courts of appeals review
the trial court=s factual findings for legal and factual
sufficiency and review the trial court=s legal conclusions de novo). 
To determine the correct standard of review, we look at the rule.  Bocquet v. Herring, 972 S.W.2d 19, 20
(Tex.1998).  Rule 106(b) does allow the
trial court discretion in authorizing substituted service but only after a
proper affidavit is filed that states specifically the facts showing that
service has been attempted.  In
reviewing the affidavit, the trial court is not making factual determinations
but, instead, is applying the law to the facts stated in the affidavit.  We, therefore, conclude that the correct
standard of review for the affidavit under Rule 106(b) is de novo. 

Analysis








It is not
in dispute that this appeal was brought within six months of the default
judgment, that appellant was a party to the suit, and that appellant did not participate
in the trial.  In connection with the
last element, appellant argues that there was error on the face of the record
because the facts stated in the affidavit were insufficient under Rule 106(b)
to show a valid attempt to personally serve him.   

Several
cases holding the affidavit to be insufficient are instructive.  In Mackie Construction Company v. Carpet
Services, Inc., 645 S.W.2d 594, 596 (Tex.App. B Eastland 1982, no writ), we determined that the affidavit in question
contained conclusions and not Afacts@ as required by Rule 106(b); however, we also
specifically pointed out that the affidavit did not show how many attempts of
service were made or the times at which service was attempted.  In Garrels v. Wales Transportation, Inc.,
706 S.W.2d 757, 758-59 (Tex.App. B Dallas 1986, no writ), while the affidavit did contain the dates and
times of attempted service, it did not contain evidence of probative value that
the address was the defendant=s usual place of business or usual place of abode or other place where
the defendant could be found.  In
Harrison v. Dallas Court Reporting College, Inc., 589 S.W.2d 813, 815
(Tex.Civ.App. B Dallas 1979, no writ), the affidavit in
question did not show how many attempts of service were made nor the times at which
service was attempted.  The Dallas Court
of Appeals also stated that the affidavit should preferably Adescribe the attempts at service at each
address and the time of day that each attempt was made.@ 
Harrison v. Dallas Court Reporting College, Inc., supra; accord
Stylemark Construction, Inc. v. Spies, 612 S.W.2d 654, 656 (Tex.Civ.App. B Houston [14th Dist.] 1981, no writ).  We note that Harrison and Stylemark
Construction were decided under the prior version of Rule 106(b).

Horton=s affidavit does not contain sufficient facts
to satisfy Rule 106(b).  While  the cited cases do not specifically require
the inclusion of the dates and times of attempted service, the cases suggest
that the specific dates and times of attempted service are important to establish
sufficient facts to uphold a default judgment under Rule 106(b).  Every attempt at personal service in this
case may have been while appellant was at work.  When told that appellant Awas not there,@ the
process server apparently did not try to find out where appellant could be
located or when he would return.

The
substituted service was supported by an insufficient affidavit.  No personal jurisdiction over appellant was
acquired by the trial court.  The
default judgment is reversed, and the cause is remanded to trial.  Pursuant to TEX.R.CIV.P. 123, on remand from
a restricted appeal, no new service of process is required for appellant.

This
Court=s Ruling

The
default judgment is reversed, and the cause is remanded for trial.

 

TERRY McCALL

JUSTICE

 

July 31, 2003

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.