NUMBER 13-09-00437-CV


 

COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


SAN JUANITA RIOS, Appellant,


v.



MERCEDES RIOS, Appellee.

 


On appeal from the 389th District Court


 of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Benavides, and Vela


Memorandum Opinion by Justice Benavides



 Appellant, San Juanita Rios ("San Juanita"), brings a restricted appeal based on a
default divorce judgment in favor of her husband, Mercedes Rios ("Mercedes"). See Tex.
R. App. P. 30. San Juanita claims that Mercedes served her with the original petition for
divorce but failed to serve her with an amended petition that contained substantial
changes. She also alleges two other defects relating to service of process. (1) We reverse
and remand.

I. Background

 On May 6, 2008, Mercedes filed for divorce. On July 16, 2008, the trial court clerk
issued a citation for service of the original petition for divorce at San Juanita's most recent
address in Spring, Texas. On September 18, 2008, Mercedes filed his first amended
original petition for divorce. On October 3, 2008, San Juanita was served with the original
petition by private process server via registered United States mail. There is no evidence
in the record that suggests that San Juanita was served with the amended petition. While
Mercedes seeks to become principal conservator in both petitions, the amended petition
makes the following additional demands: that Mercedes have the exclusive right to
designate the residence of the children and that the children reside in Hidalgo County,
Texas.

 San Juanita did not answer the original petition for divorce. She did not participate
in any of the proceedings or in the trial. On January 30, 2009, the trial court signed the
final decree of divorce. On July 28, 2009, San Juanita filed a notice of restricted appeal
with the trial court. Tex. R. App. P. 25.1(d)(7), 26.1(c).

II. Discussion 

 San Juanita presents three arguments on appeal. (2) The first, which is dispositive,
is that she was not served with the more onerous amended petition for divorce. She
argues that the rules of civil procedure require service of more onerous amended petitions
and that without proper service, a default judgment cannot stand. San Juanita claims that,
because this is a restricted appeal, we must vacate the trial court's default judgment. We
agree.An appellant seeking a restricted appeal must satisfy four preliminary conditions to
vacate a default judgment of a trial court: "(1) a notice of restricted appeal filed within six
months after the judgment is signed; (2) by a party to the lawsuit; (3) who did not
participate in the hearing that resulted in the judgment complained of, and (4) error must
be apparent on the face of the record." Lewis v. Ramirez, 49 S.W.3d 561, 564 (Tex.
App.-Corpus Christi 2001, no pet.) (citing Tex. R. Civ. P. 26.1(c), 30; Stubbbs v. Stubbs,
685 S.W.2d 643, 644 (Tex. 1985)). It is undisputed that San Juanita has satisfied the first
three elements required to perfect a restricted appeal. We must determine the fourth
element: whether error is apparent on the face of the record. 

"In determining whether an error appears on the face of the record, a restricted
appeal affords an appellant the same scope of review as an ordinary appeal[,] and the
reviewing court may consider all the papers on file in the appeal, including the court
reporter's record." Lewis, 49 S.W.3d at 564 (citing Norman Commc'ns v. Tex. Eastman
Co., 955 S.W.2d 269, 270 (Tex.1997)). The record shows that San Juanita was not served
with the amended petition, even though Mercedes filed it with the trial court clerk before
San Juanita was served with the original petition. 

Having found that San Juanita was not served with the amended petition for divorce,
we must determine whether Mercedes's failure to serve her constitutes error. See id. "A
restricted appeal is a direct attack on a judgment." Autozone, Inc. v. Duenes, 108 S.W.3d
917, 919 (Tex. App.-Corpus Christi 2003, no pet.). A showing of strict compliance with the
service requirements set out in the Texas Rules of Civil Procedure is necessary for a
default judgment to survive a direct attack. Lewis, 49 S.W.3d at 564 (citing Wilson v.
Dunn, 800 S.W.2d. 833, 836 (Tex. 1990)). "[T]here are no presumptions in favor of valid
issuance, service, and return citation in the face of a direct attack on a default judgment." 
Atwood v. B & R Supply & Equip., 26 S.W.3d 690, 693 (Tex. App.-Corpus Christi 2001,
no pet.) (citing Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885
(Tex. 1985)). 

 For a default judgment to stand, when a plaintiff files an amended petition that is
"more onerous" than the original petition, Texas Rule of Civil Procedure 21(a) requires the
plaintiff to serve it on a nonanswering defendant. In re E.A. & D.A., 287 S.W.3d 1, 6 (Tex.
2009); see Tex. R. Civ. P. 21(a). San Juanita argues that the amended petition is more
onerous than the original because Mercedes seeks to designate the residence of the
children, and we agree. See Smith v. Smith, 241 S.W.3d 904, 909-10 (Tex.
App.-Beaumont 2007, no pet.) (holding that an amended petition that asked for a larger
share of an estate was more onerous); see also Bennett v. Wood County, 200 S.W.3d 239,
241 (Tex. App.-Tyler 2006, no pet.) (stating that "'more onerous'  [means] anything that
exposes the defendant to additional liability"). When an amended petition seeks a more
onerous judgment than the original petition, a new citation and service of the amended
petition is necessary. See Atwood, 52 S.W.3d at 267; see also Palomin v. Zarsky Lumber
Co., 26 S.W.3d 690, 693 (Tex. App.-Corpus Christi 2000, pet. denied). 

 The record demonstrates that a new citation was not issued after the more onerous
amended petition was filed with the trial court, and there is no indication that San Juanita
was served with the amended petition. Accordingly, we find error on the face of the record. 
See Lewis, 49 S.W.3d at 564. San Juanita has satisfied the four criteria required to
succeed in a restricted appeal. See id. 

III. Conclusion

 We reverse the judgment of the trial court and remand the case for further
proceedings consistent with this opinion. 

 

 __________________________

 GINA M. BENAVIDES,

 Justice



Delivered and filed the

15th day of July, 2010.

1. San Juanita claims that the original petition's return citation was not verified by the clerk of the trial
court and that the return citation with proof of service had not been on file with the clerk for ten days prior to
the date of the default judgment. See Tex. R. Civ. P. 107. Because her first argument is dispositive, we do
not address these additional arguments. See Tex. R. App. P. 47.1 ("The court of appeals must hand down
a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final
disposition of the appeal.").
2. Mercedes has not provided an appellate brief to this court.