

**NUMBER 13-09-00437-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**SAN JUANITA RIOS,** <span style="float:right">**Appellant,**</span>

**v.**

**MERCEDES RIOS,** <span style="float:right">**Appellee.**</span>

---

**On appeal from the 389th District Court
of Hidalgo County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela
Memorandum Opinion by Justice Benavides**

Appellant, San Juanita Rios ("San Juanita"), brings a restricted appeal based on a default divorce judgment in favor of her husband, Mercedes Rios ("Mercedes"). *See* TEX. R. APP. P. 30. San Juanita claims that Mercedes served her with the original petition for divorce but failed to serve her with an amended petition that contained substantial

changes. She also alleges two other defects relating to service of process.[1] We reverse and remand.

## I. BACKGROUND

On May 6, 2008, Mercedes filed for divorce. On July 16, 2008, the trial court clerk issued a citation for service of the original petition for divorce at San Juanita's most recent address in Spring, Texas. On September 18, 2008, Mercedes filed his first amended original petition for divorce. On October 3, 2008, San Juanita was served with the original petition by private process server via registered United States mail. There is no evidence in the record that suggests that San Juanita was served with the amended petition. While Mercedes seeks to become principal conservator in both petitions, the amended petition makes the following additional demands: that Mercedes have the exclusive right to designate the residence of the children and that the children reside in Hidalgo County, Texas.

San Juanita did not answer the original petition for divorce. She did not participate in any of the proceedings or in the trial. On January 30, 2009, the trial court signed the final decree of divorce. On July 28, 2009, San Juanita filed a notice of restricted appeal with the trial court. TEX. R. APP. P. 25.1(d)(7), 26.1(c).

## II. DISCUSSION

San Juanita presents three arguments on appeal.[2] The first, which is dispositive,

---

[1] San Juanita claims that the original petition's return citation was not verified by the clerk of the trial court and that the return citation with proof of service had not been on file with the clerk for ten days prior to the date of the default judgment. See TEX. R. CIV. P. 107. Because her first argument is dispositive, we do not address these additional arguments. See TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

[2] Mercedes has not provided an appellate brief to this court.

is that she was not served with the more onerous amended petition for divorce. She argues that the rules of civil procedure require service of more onerous amended petitions and that without proper service, a default judgment cannot stand. San Juanita claims that, because this is a restricted appeal, we must vacate the trial court's default judgment. We agree.

An appellant seeking a restricted appeal must satisfy four preliminary conditions to vacate a default judgment of a trial court: "(1) a notice of restricted appeal filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of, and (4) error must be apparent on the face of the record." *Lewis v. Ramirez*, 49 S.W.3d 561, 564 (Tex. App.–Corpus Christi 2001, no pet.) (citing TEX. R. CIV. P. 26.1(c), 30; *Stubbbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex. 1985)). It is undisputed that San Juanita has satisfied the first three elements required to perfect a restricted appeal. We must determine the fourth element: whether error is apparent on the face of the record.

"In determining whether an error appears on the face of the record, a restricted appeal affords an appellant the same scope of review as an ordinary appeal[,] and the reviewing court may consider all the papers on file in the appeal, including the court reporter's record." *Lewis*, 49 S.W.3d at 564 (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997)). The record shows that San Juanita was not served with the amended petition, even though Mercedes filed it with the trial court clerk before San Juanita was served with the original petition.

Having found that San Juanita was not served with the amended petition for divorce, we must determine whether Mercedes's failure to serve her constitutes error. *See id.* "A

3

restricted appeal is a direct attack on a judgment." *Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 919 (Tex. App.–Corpus Christi 2003, no pet.). A showing of strict compliance with the service requirements set out in the Texas Rules of Civil Procedure is necessary for a default judgment to survive a direct attack. *Lewis*, 49 S.W.3d at 564 (citing *Wilson v. Dunn*, 800 S.W.2d. 833, 836 (Tex. 1990)). "[T]here are no presumptions in favor of valid issuance, service, and return citation in the face of a direct attack on a default judgment." *Atwood v. B & R Supply & Equip.*, 26 S.W.3d 690, 693 (Tex. App.–Corpus Christi 2001, no pet.) (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985)).

For a default judgment to stand, when a plaintiff files an amended petition that is "more onerous" than the original petition, Texas Rule of Civil Procedure 21(a) requires the plaintiff to serve it on a nonanswering defendant. *In re E.A. & D.A.*, 287 S.W.3d 1, 6 (Tex. 2009); *see* TEX. R. CIV. P. 21(a). San Juanita argues that the amended petition is more onerous than the original because Mercedes seeks to designate the residence of the children, and we agree. *See Smith v. Smith*, 241 S.W.3d 904, 909-10 (Tex. App.–Beaumont 2007, no pet.) (holding that an amended petition that asked for a larger share of an estate was more onerous); *see also Bennett v. Wood County*, 200 S.W.3d 239, 241 (Tex. App.–Tyler 2006, no pet.) (stating that "'more onerous' [means] anything that exposes the defendant to additional liability"). When an amended petition seeks a more onerous judgment than the original petition, a new citation and service of the amended petition is necessary. *See Atwood*, 52 S.W.3d at 267; *see also Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 693 (Tex. App.–Corpus Christi 2000, pet. denied).

The record demonstrates that a new citation was not issued after the more onerous

4

amended petition was filed with the trial court, and there is no indication that San Juanita was served with the amended petition. Accordingly, we find error on the face of the record. *See Lewis*, 49 S.W.3d at 564. San Juanita has satisfied the four criteria required to succeed in a restricted appeal. *See id.*

### III. CONCLUSION

We reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
15th day of July, 2010.