NUMBER 13-06-214-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JIM MORRISETT, Appellant,


v.



KEY ENERGY SERVICES, INC., Appellee.

 



 On appeal from the County Court at Law No. 1 

of Travis County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez
 


 This is a restricted appeal from a default judgment against appellant, Jim Morrisett,
in favor of Key Energy Services, Inc. In two issues, appellant argues that (1) the default
judgment is void because the trial court lacked jurisdiction over him as he was not properly
served with process, and (2) the trial court erred in ordering substituted service because
appellee failed to file a proper motion and supporting affidavit as required by Texas Rule
of Civil Procedure 106(b). We reverse and remand.

Background (1)

 According to appellee's original petition, appellee brought suit against "Jim E.
Morrisett dba Energy 2000, Inc." to recover a debt arising out of a contract for goods and
services. In the trial court, appellee filed a motion for substitute service of process. On
August 24, 2005, the court granted the motion and entered a default judgment against
appellant for $78,881.22. Appellant subsequently filed notice of this restricted appeal.

Motion for Substituted Service

 In his second issue, appellant contends the trial court erred in ordering substituted
service because appellee failed to file an affidavit stating locations and other facts showing
previous attempts at personal service as required by rule 106(b), which states:

 Upon motion supported by affidavit stating the location of the defendant's
usual place of business or usual place of abode or other place where the
defendant can probably be found and stating specifically the facts showing
that service has been attempted . . . at the location named in such affidavit
but has not been successful, the court may authorize service[.] (2)


 Rule 106(b) explicitly requires an affidavit showing attempted service before
authorizing substituted service. (3) Strict compliance with the rules of civil procedure relating
to the issuance, service, and return of citation must be shown or the attempted service of
process will be rendered invalid and of no effect. (4)

 A direct attack on a judgment by restricted appeal must: (1) be brought within six
months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not
participate in the hearing that resulted in the judgment made the subject of the complaint;
(4) who did not file a post-judgment motion, request for findings of fact and conclusions 
of law, or other notice of appeal; and (5) the error that forms the basis of the complaint
must be apparent on the face of the record. (5) Appellant satisfies the first four criteria; thus,
we must determine if the error complained of is apparent from the face of the record.

 In the instant case, the only relevant portion of the record that is before us is
appellee's motion for substituted service. Upon reviewing the motion, we find that it
contains no facts showing that service had been attempted on appellant at the address
listed in the motion. The only remotely related facts that appellee discusses in its motion
read as follows:

 Grounds for Relief. The Defendant, Jim E. Morrisett, has left the State of
Texas, and has moved to 10736 S. 69th East Avenue, Tulsa, OK 74133. 
Although he resides there, the address is listed in the name of Kristy
Farnsworth, and the telephone number is unpublished. It is unlikely that he
will sign for certified mail. . . .


This language does not show that past attempts at service have been unsuccessful; it
simply predicts that future attempts will be unsuccessful. Accordingly, we find that appellee
did not satisfy the affidavit requirement explicit in rule 106(b). Appellant's second issue is
sustained.

Default Judgment

 In his first issue, appellant argues that the default judgment is void because the trial
court lacked personal jurisdiction. "[J]urisdiction is dependent upon citation issued and
served in a manner provided for by law." (6) The trial court did not have personal jurisdiction
over appellant, because the appellee did not comply with the statutory requirement for
substituted service. Therefore, the judgment is invalid for lack of jurisdiction. We sustain
appellant's first issue.

Conclusion

 The judgment below is reversed and remanded to the trial court for a new trial.



 LINDA REYNA YAÑEZ,

 Justice






Memorandum opinion delivered and filed 

this the 12th day of July, 2007.



1. Appellee did not file a brief in this appeal. We may, therefore, accept as true those assertions in
appellant's brief that are supported by record references. Tex. R. App. P. 38.1(f).
2. Tex. R. Civ. P. 106(b) (emphasis added).
3. Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990).
4. Id.; see Medford v. Salter, 747 S.W.2d 519, 520 (Tex. App.-Corpus Christi 1988, no writ) (stating
affidavit in support of motion for substituted service of citation did not show specific facts that service had been
attempted and was deficient).
5. Tex. R. App. P. 30; see Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex.
1997).
6. Wilson, 800 S.W.2d at 836.